## CHARLESTON.

BRUSH CREEK COAL COMPANY v. G. B. PAULEY.

Submitted September 19, 1922.    Decided September 26, 1922.

JUSTICES OF THE PEACE—*Defendant Allowing Hearing and Determination of Case Without Objections Within Five Days After Service of Summons Waives Protection of Statute.*

Though mandatory in form and also in effect while kept within its proper limitations, the provision of Sec. 26, Ch. 50 of the Code, saying "No trial shall be had or judgment rendered in less than five days after the summons has been served on the defendant," does not preclude power and authority in a justice, to try a case within five days after service of the summons on the defendant and render judgment therein, if such defendant appears and submits to the trial, without objection. As it pertains to the rights of the parties rather than the jurisdiction of the justice, the defendant. waives its protection, by allowing the case to be heard and determined without objection.

Error to Circuit Court, Boone County.

Action by the Brush Creek Coal Company against G. B. Pauley. From a judgment of the circuit court reversing a judgment of a justice of the peace and dismissing the action, plaintiff brings error .

*Reversed and remanded.*

*Leftwich & Shaffer* and *Lively & Stambaugh,* for plaintiff in error.

*Harold W. Houston* and *Charles J. Van Fleet,* for defendant in error.

POFFENBARGER, PRESIDENT:

This writ of error goes to a judgment of the Circuit Court of Boone County, reversing a judgment of a justice of the peace and dismissing plaintiff's action, on the theory of lack of jurisdiction in the justice, to entertain the action and render the judgment, because the summons was served on the defendant less than five days before the date of the judgment though issued more than five days before the return day thereof and less than thirty days. The statute

was departed from only in respect of the date of rendition of the judgment, if at all. The summons was issued November 5, 1921, made returnable November 11, 1921, and served November 7, 1921. On the return day, the defendant appeared, procured dissolution of an attachment issued in the case, went to trial on the issue as to his indebtedness, was subjected to a judgment for $300.00 and costs and promptly appealed.

The terms of the statute, Sec. 26, Ch. 50, Code, are invoked in support of the assertion of lack of jurisdiction in the justice. It is contended, not that there was lack of jurisdiction of the parties or the cause of action, in the usual sense of the terms, but that there was a fatal infirmity in the court, the justice, a lack of power and authority to hear and determine the case, at the time of the trial and judgment. The statute invoked says, ''No trial shall be had or judgment rendered in less than five days after the summons has been served on the defendant.'' Properly interpreted, this provision applies only in cases of compulsory hearing and decision and affords the defendant protection from haste and opportunity for preparation for his defense, upon his demand therefor, or in the absence of his waiver of them. Ordinarily, he stands in need of the time allowed and avails himself of the statutory guaranty thereof. That it may be dispensed with by agreement of the parties is evidenced by another provision of the same chapter, Sec. 19, saying: ''Actions before justices are commenced by summons or by the appearance and agreement of the parties without summons.'' This provision clearly negatives the theory of legislative intent to limit the jurisdiction and powers of the justice, in respect of time, by the provision in Sec. 26, for any purpose other than the award of reasonable opportunity to the defendant to enter his appearance and prepare his defense. In the absence of an agreement of waiver dispensing with the protection afforded him by this provision, it must be accorded him, without request. Though higher in character than the right to a continuance, because it is absolute and unconditional, if not waived, it partakes of the

nature of that right. Hence, manifestly, it pertains to the rights of the litigating parties rather than the jurisdiction of the justice. For a justice's court, terms are not prescribed nor provided. In a sense, it is always open. A court for which terms are provided, can sit and hear and determine causes, only in its terms, in the absence of a provision authorizing such action out of term. As a justice may sit without reference to terms, there is no strong analogy, if any at all, between the provision under consideration, and a statutory designation or prescription of terms for a court of record. In his sittings, time is not an essential element, provided he confines them to days on which judicial business may be transacted. In the case of a court of record, the time of sitting is jurisdictional.

Though the provision in question is mandatory in form and broad enough in its terms to exclude all exceptions, it is obvious that an exception was contemplated. In cases of commencement by agreement, there is no summons. If there be a summons, an appearance by the defendant and submission of the case within five days from the date of service, without objection, there is necessarily a trial under an implied agreement as to the time thereof. In the absence of a waiver, the statute mandatorily requires the justice to delay his judgment until the expiration of the period prescribed. This construction preserves the mandatory character of the statute, but limits its application to the function and province the Legislature intended it to have.

The doctrine of waiver enunciated in the numerous decisions relied upon by the plaintiff in error is not denied. Exception therefrom is predicated in argument upon the terms of the statute, but, in our opinion, this case falls within the principle of waiver. The transcript of the justice's docket recites a general appearance by the defendant, the filing of his plea in abatement of the attachment, the quashing of the attachment, the hearing on the evidence and the judgment. If the attachment had been quashed on a special appearance and an objection interposed to the trial of the main case, or a retirement by the defendant, after dis-

position of the attachment, a very different situation would have been presented.

The judgment complained of will be reversed, the appeal re-instated and the case remanded.

*Reversed and remanded.*