# CHARLESTON.

LAFAYETTE SNYDER *v.* C. R. LYONS *et al:*

Submitted May 22, 1923.    Decided September 25, 1923.

1. ATTACHMENT—*Constable. Levying Attachment Not Necessary Party to Proceeding to Try Title to Property Attached.*

   In a proceeding before a justice to try the right and title of the petitioner to the property attached, pursuant to section 152 of chapter 50 of the Code, the constable levying the attachment is not a necessary party to the suit. (p. 491).

2. SAME—*That Process or Notice in Proceeding to Try Title to Attached Property was Returnable More Than Five Days After Date Does not Render Judgment Void.*

   The fact that the process or notice upon such petition is made returnable more than five days after its date does not render the process void; and if without objection the parties appear and submit themselves to the jurisdiction of the justice, the judgment of the justice is not void. (p. 492).

3. JUSTICES OF THE PEACE—*Summoned Defendant's Appeal From Judgment of Justice Waives Irregularity in Proceedings.*

   And where the defendant summoned appeals from the judgment of the justice, he thereby waives all irregularities in the proceedings before the justice. (p. 493).

Error to Circuit Court, Harrison County.

Action by Lafayette Snyder against C. R. Lyons and others. Judgment for defendants and plaintiff brings error.

*Reversed and judgment rendered.*

*M. W. Ogden,* for plaintiff in error.
*Law & McCue,* for defendants in error.

MILLER, PRESIDENT :

This was a proceeding begun by plaintiff before a justice in Harrison County by notice issued July 27, 1921, pursuant to section 152 of chapter 50 of the Code, to try the right and title of plaintiff to a Ford automobile which had theretofore been levied on by an attachment in a suit brought by C. R. Lyons a creditor of C. F. Ballah, in which suit, on July 25th, the attachment was quashed and the property attached ordered returned to Ballah. On the day this attachment was quashed, defendant Lyons instituted another suit against said Ballah before another justice of said county and caused said car to be again attached by J. G. Louden, another constable. The process in this suit was returnable August 8th, but the trial was continued, on motion of defendant, to August 15th, on which latter date a judgment was rendered by the justice in favor of Lyons against Ballah for $147.00 and costs, but no judgment was taken upon the attachment. After the money judgment was rendered, the plaintiff therein sued out an execution thereon and caused the same to be levied upon the property theretofore attached, which was sold by the constable thereunder.

It further appears that on August 15th, the date of said money judgment, the justice, Geo. L. Hertzog, before whom the present proceeding was begun, notified constable J. G. Louden, who had levied said attachment in the second suit and subsequently executed the process of execution upon the judgment, that there was pending before him the present action of Snyder against Lyons to try the right and title to said property and that it had been decided therein, on August 5, 1921, that the property attached by him was the property of the plaintiff herein, and who was entitled to the possession thereof, and that he should not sell the same. Regardless of

the notice and order the defendant Lyons and the constable Louden, after Lyons had applied for and obtained an appeal from the judgment of the justice in the present proceeding, proceeded to sell the property under said execution.

On the trial of the appeal before the circuit court, on the papers before the justice and the agreed statement of facts, the circuit court, on motion of defendant Lyons, by the judgment complained of, dismissed the suit, on the ground, as the order recites, that the court was of opinion that Louden, the constable, was a necessary party to the suit, and that the merits of the questions in controversy could therefore not be adjudicated, and dismissed the suit and struck the same from its docket.

The first question presented is whether constable Louden was a necessary party to the suit. Certainly said section 152 does not so provide. That section authorizes the claimant of property attached to apply to *any* justice of the county in which the levy or attachment was made for an order to notify both the creditor and debtor to appear and show cause why the property should not be discharged from the levy, order of sale or attachment. This provision of the statute was strictly complied with; and on the return day of the notice the defendants Lyons and Ballah both appeared and moved that the action be dismissed upon the ground that Davidson, the constable who levied the attachment in the first suit, was not the constable who served the attachment in the second suit, and was therefore not a proper party, which motion was overruled; and the case was continued to August 5th, when the parties again appeared, and on motion of defendants, the case was dismissed as to said Davidson. These were the only defenses interposed in any way.

After hearing the evidence of the plaintiff, defendants offering none, and the argument of counsel thereon, the docket of the justice shows that judgment was rendered, that Snyder have possession of the automobile in question, viz: One Ford roadster automobile, license No. 66853, body No. 173615. From this judgment the present appeal was taken by the defendant Lyons, who with one Ritter executed the appeal bond on August 5, 1921, the date of the judgment, reciting in the condition of the bond the recovery of such judgment for posses-

sion of the automobile and the defendants' appeal therefrom.

Can this judgment be sustained upon the ground stated therein, or upon any ground? We are of opinion that the constable was not a necessary party, and that his absence was not a sufficient ground for dismissing the action. As we have pointed out the statute does not require the presence of the levying officer. He was served with timely notice that it had been decided that the petitioner Snyder was entitled to possession of the property levied upon, and that he should not sell the same until the title had been ascertained and determined upon the present appeal. He was bound to obey this order of the justice.

On the hearing here no attempt has been made by counsel for defendants in error to sustain the judgment upon the ground upon which the circuit court appears to have dismissed the action. The main proposition relied on is that the notice or order was made returnable more than five days after its date. The statute does say that the order shall be returnable in five days or less. But what is the purpose of such process? Is it not to bring the parties before the justice as any other process in a suit or action? The record shows that defendants appeared and made no objection to the form or time of the process, and on their motion the case was continued for three days. Manifestly the time prescribed for the return of the order is for the benefit of the plaintiff in the proceeding. That more time was given than allowed by statute can not prejudice defendants. Moreover, when the case was heard in the circuit court on appeal, the parties appeared therein and made no objection to the validity of the process which brought them into court. The case was submitted for final hearing on the papers before the justice and the agreed statement of facts. Besides, without process or notice the parties could have appeared before the justice and submitted themselves to the jurisdiction of the court, and the judgment of the justice would have been as valid as if process had issued. Section 19, chapter 50 of the Code, relating to actions before justices generally, says: "Actions before justices are commenced by summons, or by the appearance and agreement of the parties without summons; and not otherwise. Any action so commenced by agreement, shall be proceeded with to trial, judg-

ment and execution in the same manner and with like effect as if the same had been commenced by summons." *Brush Creek Coal Company* v. *Pauley*, 91 W. Va. 578, 113 S. E., 905. Process commencing suits is controlled by different rules from those applicable to process for attachment and execution, and perhaps also of other forms of process covered by the cases cited of *Coda* v. *Thompson*, 39 W. Va. 67, and *Moore* v. *Holt*, 55 W. Va. 507. This court has decided also, in *Thorn* v. *Thorn*, 47 W. Va. 4, that by defendant's appeal from the judgment of a justice, he waives all irregularities in the proceedings before the justice; and in *Toledo Scale Co.* v. *Bailey et al.*, 78 W. Va. 797, it was held to be too late to take advantage of the non-joinder of defendants, after joinder of issue on the merits, even in a case appealed from a justice.

Of course the absence of a party necessary to final judgment may be taken advantage of at any time, but a constable in charge of property under execution is not a necessary party to a suit to try the title to the property levied upon.

We think the judgment of the court below was clearly erroneous in dismissing the action; and our opinion is that, on the facts agreed to and submitted to the court, the plaintiff was and is entitled to have said automobile released from said attachment and from the execution levied thereon and to have the same delivered to him by said constable Louden in the condition in which it was at the time he unlawfully seized and sold the same; and such will be the judgment of this court.

*Judgment reversed; judgment here.*