THE WOMELDORFF & THOMAS COMPANY *v.* MAI L. MOORE

(No. 7118)

Submitted February 16, 1932.     Decided February 23, 1932.

*George S. Wallace,* for plaintiff in error.
*Somerville & Somerville,* for defendant in error.

LITZ, JUDGE:

This action, in assumpsit, was instituted at July Rules, 1926, by the Womeldorff & Thomas Company, a corporation, to recover judgment on a store account against Mai L. Moore.

After numerous continuances, the trial of the case was set for January 10, 1928, at which time it was postponed at the instance of defendant for two days. January 12, 1928, a default judgment for $1112.37 was rendered against defendant in favor of plaintiff. Later, at the same term, defendant moved the court to set aside the judgment, but the hearing thereon was continued to the next term. At the following

term, the motion was dismissed, without a hearing, upon the theory that it could not be considered after the term at which it was made. That ruling was reversed and the case remanded upon writ of error to this Court. *Womeldorff & Thomas Company* v. *Moore,* 108 W. Va. 721, 152 S. E. 783. Thereafter, at the September, 1930, and January, 1931, terms of the circuit court, evidence was presented by both parties, under the motion, upon the issues as to whether plaintiff was physically able to attend the trial January 12, 1928, and whether she had a meritorious defense to the action.

According to her testimony, she became ill at her home, nine miles from Point Pleasant, about four a. m., January 10, 1928, and on that day sent a messenger to Point Pleasant, the county seat of Mason county, for a doctor to attend her, and to inform her attorney, F. G. Musgrave, that she was physically unable to appear in court; being unable to secure a doctor at Point Pleasant, she went to Huntington by train the following morning to consult Dr. H. A. Brandebury, who had previously treated her; having been advised on her way by a friend that Dr. Brandebury had moved his office to another location in the city, on arriving at Huntington, at the suggestion of the friend, she went, by a taxi, to the office of Dr. Hawes in the city for temporary relief, and, later in the day, to the office of Dr. Brandebury, and remained in Huntington several days for treatment by him. In his sworn written statement, filed on behalf of defendant, Dr. Brandebury says he treated her for renal or kidney colic on January 11, 1928, and on that day she passed three small stones from the bladder, in consequence of which she was unable to do anything requiring her to be on her feet. Dr. Hawes, in a communication by letter to the judge of the circuit court on or about the 12th of January, 1928, stated that he had refused to make a certificate of illness, at the request of defendant, excusing her attendance at court, upon the theory that the physical strength required of her in going from her home to Huntington for medical treatment would have enabled her to attend court. Defendant's explanation (undenied) of Dr. Hawes' position is that he did not examine her, and did noth-

ing to relieve her pain while she remained in his office except to apply ice packs to her head.

The items of credit set up in her defense consisted of the following: two paid checks signed by her and payable to plaintiff, amounting to $60.50; claim of $300.00 for defects and deficiencies in the performance by plaintiff of a plumbing contract between it and defendant; and a duebill for $881.17 from plaintiff to her, executed by G. E. Womeldorff, manager and owner of the company. After a trial by the court upon the merits of the several items of defense, involving an accumulation of evidence constituting a record of 172 printed pages, the motion was overruled.

Chapter 125, section 47, Code 1923, provided: "If a defendant against whom a judgment is entered in the office, whether an order for an inquiry of damages has been made therein or not, shall, before the end of the term at which it becomes final, appear and plead to issue, and shall, in the cases mentioned in the next preceding section in which an affidavit is required, file such affidavit with his plea, the judgment shall be set aside, but if the judgment has been entered up in court or the order for an inquiry of damages has been executed, it shall not be set aside without good cause be shown therefor. Any such issue may be tried at the same term, unless the defendant show by affidavit, filed with the papers, good cause for a continuance. But the plaintiff shall have the right to cross-examine the defendant upon the matters contained in such affidavit." The cases under this statute have generally turned upon a consideration of the excuse offered for the absence of defendant; but whether in such case the defendant is required also to present a *prima facie* defense, the court certainly should not, by invading the province of the jury, try the merits of the defense upon the motion.

Being of opinion that the defendant has shown her physical inability to attend the trial, and that she has presented a *prima facie* defense to the action, the judgment, complained of, is reversed and a new trial awarded.

*Reversed and remanded.*