THE WINONA NATIONAL BANK *v.* J. H. FRIDLEY *et al.*

(No. 9007)

Submitted September 10, 1940. Decided October 1, 1940.

*W. L. Lee,* for plaintiff in error.
*T. A. Myles,* for defendant in error.

FOX, JUDGE:

On the 3rd day of August, 1938, in an action before a justice, The Winona National Bank recovered a judgment against J. H. Fridley and W. M. Casto for the aggregate sum of $310.52 and $6.00 costs, on a note of $300.00, executed by H. P. Fridley to the said bank on or about the 18th day of October, 1937, and bearing the indorsement of J. H. Fridley, W. M. Casto and J. A. Arrington. H. P. Fridley died before the institution of the action in which the judgment was rendered. There was some irregularity as to the service of process on Casto, and he did not appear at the trial before the justice. J. H. Fridley and Arrington appeared, Arrington made his defense and judgment was rendered in his favor. Later, on the 13th day of August,

Fridley and Casto filed their bond and secured an appeal from said judgment to the Circuit Court of Fayette County. The regular term of said court following said appeal convened in September, but no trial docket was made up for that term. At the January term, 1939, and on February 9th of that year, the day said action was set for trial, there being no appearance on the part of either Fridley or Casto, the case was, on motion of the plaintiff, submitted to the court in lieu of a jury, upon the pleadings before the justice, and the note on which the suit was instituted, and judgment rendered in favor of the plaintiff, not only against Fridley and Casto, but against Arrington as well. On the 16th of February, 1939, and at the same term of court, Fridley, Casto and Arrington filed their joint petition asking the court to set aside the judgment which had been entered earlier in the term, and prayed that Arrington be discharged from liability on the note in action, and that Fridley and Casto be given an opportunity to present proof showing that their signatures thereto were forged and that they were not liable thereon. What appears to be an agreed order was entered granting the prayer of the petition as to Arrington, but the setting aside of the judgment as to Fridley and Casto was resisted by the bank. The matter was finally determined on June 14, 1939, upon affidavits and testimony, and upon the written opinion of a reputed handwriting expert, and an order was entered under the provisions of Code, 56-4-52, setting aside the Judgment of February 9, 1939, in favor of the bank, and granting Fridley and Casto the right to make defense in the action. To this ruling of the court the bank excepted and prosecutes this writ of error.

Any irregularity in the proceedings before the justice seems to have been waived, and is not relied upon by counsel for the defendants in error. The case of *Snyder* v. *Lyons*, 94 W. Va. 489, 119 S. E. 286, is authority for the proposition that where a defendant appeals from the judgment of a justice, he thereby waives all irregularities in the proceedings before the justice, and this, we understand, includes lack of service of process. A *prima facie*

showing of a good defense to the action is admitted by counsel for plaintiff in error, so that the sole and only questions presented for determination are whether or not, independently of the nature of the defense originally available, the good cause required by Code, 56-4-52, existed, and the defendants in error were free from neglect in their failure to present the same in the trial court.

The requirement that a showing of good cause be made as a prerequisite to the setting aside of a default judgment has long been a part of our statute law, and has been many times passed upon in the decisions of this Court. In *Post* v. *Carr,* 42 W. Va. 72, 24 S. E. 583, it was held that " * * * such good cause can only appear by showing fraud, accident, mistake, surprise, or some other adventitious circumstance beyond the control of the party, and free from neglect on his part." This holding has been reiterated in *Ellis* v. *Gore,* 101 W. Va. 273, 132 S. E. 741; *Gainer* v. *Smith,* 101 W. Va. 314, 132 S. E. 744; *Hill* v. *Long,* 107 W. Va. 644, 150 S. E. 6; *Alkire* v. *Mili,* 116 W. Va. 277, 180 S. E. 183, and has become a settled rule of practice in our courts.

Fridley and Casto both knew that their action was pending in the circuit court. They had each appeared before the justice and executed an appeal bond, and were charged with knowledge that in due time their appeal would be tried in the circuit court. They knew, also, that J. R. Hisey, cashier of the bank, had verbally admitted doubt as to the authenticity of the indorser signatures, but was determined to have the question settled at law, and as evidence of that determination instituted the action now before us. We think, therefore, that neither Fridley nor Casto was misled, and it was their duty to give attention to their case, and that when they neglected to do so and permitted a default judgment to be entered, their neglect was of such a character that, under the decisions cited, no relief can now be granted them. There has been no showing of fraud, accident, mistake, surprise or any other circumstances beyond their control operating to prevent the presentation of their defense. The situation in which they find themselves is wholly due to their neglect. The de-

fense which they now seek to assert could have been made in the trial court upon their appeal had they interested themselves in presenting it. Defendants in error cite the case of *Arnold* v. *Reynolds,* 121 W. Va. 91, 2 S. E. (2d) 433, in support of their contention. This was a case where the defendant, by his counsel, made an effort in good faith to ascertain when the court would hear his case. He went to the clerk of the court and was told that the case would not be heard on that day, and, relying upon that statement, did not appear. Here, the defendants below did nothing until after the default judgment was entered, and we do not think the case cited is applicable to the situation before us.

We cannot try the merits of the defense which might have been made. *Womeldorff & Thomas Co.* v. *Moore,* 111 W. Va. 591, 163 S. E. 47. If the court below based its order solely on its view of the justness of such defense, it failed to take into consideration other necessary elements. However just such defense, the doors of the court could only be opened for its presentation upon a showing of fraud, accident, mistake, surprise or other adventitious circumstances beyond the control of the defendants below, and to their prejudice, and the further showing that they were free from any neglect in connection therewith. We think they failed to carry the burden in both particulars.

The order of the circuit court setting aside the judgment of February 9, 1939, will be reversed, and the case remanded to the Circuit Court of Fayette County with instructions to reinstate the said judgment.

*Reversed and remanded.*