## COMMERCIAL CASUALTY INS. CO. v. WHITE LINE TRANSFER & STORAGE CO., Inc., et al.

### No. 11704.

Circuit Court of Appeals, Eighth Circuit.

Oct. 14, 1940.

John P. Hampton, of Chicago, Ill. (Louis L. Dent, George M. Weichelt, and Roger D. Doten, all of Chicago, Ill., on the brief), for appellant.

Ehlers English, of Des Moines, Iowa (Donald Evans and William F. Riley, both of Des Moines, Iowa, on the brief), for appellee Saint Paul Mercury Indemnity Co.

Before SANBORN, WOODROUGH, and THOMAS, Circuit Judges.

PER CURIAM.

This appeal is taken by the Commercial Casualty Insurance Company from a decree and judgment entered against it on November 29, 1939, in a suit for declaratory judgment wherein it was the party plaintiff. The gist of its complaint in this court is that there was irregularity in the proceedings and final decree and judgment resulting in erroneous denial of its right to a hearing and trial. It sought relief from the judgment by motion to set it aside, filed within ten days after entry, but the motion was denied and that ruling is also appealed from.

The object of the plaintiff's petition was to obtain a declaratory judgment to the effect that the plaintiff was not obligated under an automobile policy issued by it

to three defendant White Line companies, either to defend or to pay recoveries that might be had in personal injury actions brought against those companies by certain members of the Smith family named as defendants in this suit. It was alleged that insurance issued by the defendant Saint Paul Mercury Indemnity Company to the White Line companies covered the accidents suffered by the Smiths. The Saint Paul company answered the petition by way of denial and also formally pleaded a "counter claim" in which it prayed affirmative declaration against plaintiff and its co-defendants that its policy did not cover the accident and that a permanent injunction be awarded it against the plaintiff, the White Line companies and the Smiths, enjoining them from instituting actions or asserting claims against it under its policy. The answer of the White Line companies to the plaintiff's petition contained allegations to the effect that the plaintiff was obligated under its policy to defend the Smiths' actions and to pay any recoveries therein. Their answer prayed for affirmative relief against the plaintiff, that plaintiff be declared obligated to defend and to pay in the Smith actions. The defendants Smith answered, among other things praying for affirmative relief that the plaintiff and the Saint Paul company, "one or both", be declared to be liable to pay all recovery they might obtain on account of their injuries. The plaintiff filed no pleading except the "complaint" upon which it instituted the action.

It appears that the district court for the southern district of Iowa, central division, convened pursuant to statute on November 28, 1939, and the court having made a call of the non-jury cases, set this case down for trial on the next day after the call (November 29, 1939). The plaintiff was not represented at the call (its counsel having formally withdrawn of record on the 27th), and it failed to appear on the 29th, but the parties named in its petition as defendants were represented and produced evidence which was heard and considered, and the judgment and decree was entered upon findings of fact and conclusions made by the court.

The question whether the plaintiff's failure to attend at the call of cases and on the day the case was set for trial was or was not due to excusable neglect on its part is extensively covered in the record and briefs. It is shown beyond doubt that the plaintiff had no notice and did not know that its case was going to be called on November 28th or taken up on November 29th, and the circumstances establish that its failure to become informed and its neglect to be present were not attributable to any lack of diligence on its part, but were excusable.

As the pleadings in the case stood at the time the court called it and took it up for trial, the plaintiff was in default of any answer to the counter-claim pleaded against it by Saint Paul Mercury Indemnity Company and the cross-claims asserted against it by the other defendants, in all of which affirmative relief was prayed against it.[1] The evidence which was taken in the plaintiff's absence was adduced by the parties to support their respective pleadings demanding affirmative relief against the plaintiff, and the judgment and decree award affirmative money judgment and permanent injunctive relief in accordance with those pleadings.

The plaintiff being absent through excusable neglect, we think there was error in the proceedings and judgment against it because of lack of compliance with the requirements of Rule 55 of the New Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The plaintiff was a party against whom affirmative relief was sought by counter-claim and cross-claims and prayers for affirmative relief in the answers, and it had "failed to plead or otherwise defend" within the meaning of 55(a). It was a party which had "appeared in the action" within the reference of 55(b) (2), and the counter and cross-claimants were, therefore, required by 55(b) (2) to cause the plaintiff to "be served with written notice of the application for judgment at least 3 days prior to the hearing on such application." As the plaintiff was, through no fault on its part, without notice or knowledge and the judgment awarding affirmative relief against it was entered in its absence and without the prescribed serving of written notice upon it, there was error necessitating reversal.

It is argued that the situation should be distinguished because the trial court heard evidence and made findings thereon and no showing of prejudice to the plaintiff has

---

1 Rule 12(a). Rules of Civil Procedure.

948

been made, but this is a direct appeal from the judgment and decree, and under the circumstances shown the failure on the part of the defendants to observe Rule 55 operated to prevent the plaintiff from having the hearing and fair trial which it is the purpose of the rule to ensure to litigants in plaintiff's situation. It is contended that, though reversal be ordered, there is a part of the judgment which might be segregated and sustained, but on careful consideration the contention is overruled. Occurrences since the commencement of the suit have narrowed its scope, and the controversy remaining presents comparatively simple issues which should be determined by trial.

Reversed without costs to any of the parties and remanded for new trial.