HATTIE H. DANIELS, *et al.*

*v.*

HALL'S MOTOR TRANSIT COMPANY, *et al.*

(No. 13365)

Decided June 4, 1974.

*Bachmann, Hess, Bachmann & Garden, Lester C. Hess, Jr., and John B. Garden,* for appellants.

*Lemon & Lemon, W. E. Lemon and W. D. Lemon,* for appellees.

NEELY, JUSTICE:

This appeal from a final order of default judgment by the Circuit Court of Marshall County presents the single question of the proper interpretation of the word "appear" as used in Rule 55 (b) (2), *R.C.P.*

On October 7, 1971, plaintiffs filed a complaint in the Circuit Court of Marshall County against the defendants for personal injuries and property damage arising from a motor vehicle collision. On October 26, 1971 plaintiffs' counsel and John Adamik, Superintendent of Claims for defendant Hall's Motor Transit Company, agreed by written stipulation to extend to December 6, 1971 the period of time within which defendants could answer or otherwise move with respect to the complaint.

The defendants failed to answer by December 6, 1971, and on March 24, 1972, plaintiffs moved for default judgments against both defendants. Neither defendant was served with written notice of the application for default judgment pursuant to Rule 55 (b) (2), *R.C.P.* The trial court entered default judgments on March 24, 1972 in favor of plaintiff Hattie H. Daniels for $10,000; in favor of Chubby Vinton Daniels for $5,431.54; and, in favor of plaintiff Peggy Sue Daniels for $590.20,

which were the precise damages prayed for in the complaint.

On June 22, 1972, defendants moved to set aside the default judgments and to grant defendants leave to file an answer. Upon denial of these motions defendants appealed.

Rule 55 (b) (2), *R.C.P.* provides in pertinent part:

> ". . If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application . . . ."

The purpose of this Rule is to provide a party defendant with a timely opportunity to urge reasons against entry of default judgment. In the case of *Investors Loan Corporation v. Long*, 152 W.Va. 673, 166 S.E.2d 113 (1969) we held that where an action on a note was brought against both a husband and wife, and the husband answered but the wife did not, the wife appeared in the action within the contemplation of Rule 55 (b) (2) by virtue of her active participation in the defense of the action against her husband.

Although in the case of *Intercity Realty Company v. Gibson*, 154 W.Va. 369, 175 S.E.2d 452 (1970) we held that mere oral discussion between opposing counsel with reference to enlargement of the time for filing an answer did not constitute an appearance, in the *Intercity* case there was no matter of record in the court file and the conversation was between lawyers who knew the consequences of failure to answer. There is a federal case interpreting a similar provision of the Federal Rules which hold that informal communication between a layman defendant and plaintiff's attorney can constitute an appearance. *Dalminter, Inc. v. Jessie Edwards, Inc.*, 27 F.R.D. 491 (S.D. Texas 1961). Accord: *Hutton v. Fisher*, 359 F.2d 913 (3rd Cir. 1966). This Court has held that it is the policy of the law to favor the trial of

all cases on the merits, *McDaniel v. Romano*, 155 W.Va. 875, 190 S.E.2d 8 (1972) and we hold that in conformity with that policy Rule 55 (b) (2) *R.C.P.* should be liberally construed to assure timely notice to persons who have indicated an interest in litigation before default judgment is entered against them.

The federal cases hold that a stipulation extending the time to answer constitutes an "appearance" within the contemplation of Rule 55 (b) (2) *Federal Rules of Civil Procedure* and in accord with the weight of authority we hold that any matter of record, such as a notice of bona fide defense, a stipulation for the extension of time to answer, or any other similar written indication in the court file that the defendant is interested in the litigation constitutes an appearance within the contemplation of Rule 55 (b) (2), *R.C.P. United States v. Melichar*, 56 F.R.D. 49 (E.D. Wis. 1972); *Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 139 U.S. App.D.C. 256, 432 F.2d 689 (1970).

Accordingly the judgment of the Circuit Court of Marshall County is reversed and the case is remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*