DR. K. P. S. MENON

*v.*

DAVIS MEMORIAL ASSOCIATES, INC.

(No. 13709)

Decided June 28, 1977.

*Cardot, Kent & Queen, James A. Kent, Jr.* for appellant.

*Brown, Harner & Busch, John E. Busch* for appellee.

PER CURIAM:

In this appeal from the Circuit Court of Randolph County, judgment was entered for the defendant, Davis Memorial Associates, Inc., against the plaintiff, Dr. K. P.

S. Menon. Menon appeals assigning several errors, the principal one being that the court violated his right to due process of law by entering judgment without affording him an opportunity to present evidence in his own behalf. We find that Dr. Menon was denied due process of law, and we remand the case to the Circuit Court of Randolph County.

Dr. Menon entered into a written contract with Davis Memorial Associates, Inc. for office space and services. Under the terms of that contract the Associates agreed to provide Dr. Menon ". . . all services necessary in accounting, in the keeping of medical records and in the collection of accounts due. . . ." Dr. Menon instituted this action to compel the Associates to provide him with accounting statements, showing in summary form, the status of his patient accounts. In his amended complaint, Dr. Menon alleged that he had terminated his relationship with the Associates and that at the time of the termination of the relationship he had substantial accounts due and owing. Dr. Menon also alleged that he had requested, and the Associates had refused to prepare, statements showing the status of his accounts. Dr. Menon's demand for relief was predicated upon both a common-law and an express contractural duty to account.

In response to Dr. Menon's amended complaint, the Associates filed a motion to dismiss which alleged that the amended complaint failed to state a cause of action. The motion also stated that the Associates had offered to permit Dr. Menon to inspect the records kept by the Associates in the ordinary course of business and that the Associates were under no duty to provide additional information to Dr. Menon.

The trial court overruled the Associates' motion to dismiss. The court then, in a summary fashion, but in the absence of a motion for summary judgment by either party, entered judgment on the merits of the case.

Article III, Section 10 of the *Constitution of West Virginia* guarantees: "No person shall be deprived of life,

liberty or property without due process of law. . . ." There can be no due process of law without notice and without a fair and reasonable opportunity for a hearing on the matter in dispute. *Simpson v. Stanton*, 119 W. Va. 235, 193 S.E. 64 (1937). The trial court in this case, after overruling the motion testing the legal sufficiency of the amended complaint, ruled without affording Dr. Menon an opportunity to present evidence on the allegations contained in that complaint. The court by its action denied Dr. Menon a hearing and violated his right to due process of law.

Since denial of due process of law is sufficient to justify the reversal of this case, we find it unnecessary to discuss the other points raised in Dr. Menon's petition. For the reason stated herein, this case is remanded to the Circuit Court of Randolph County for the purpose of having a full hearing on the matters in controversy.

*Reversed and remanded.*