313 S.E.2d 432

**Terry Dale SCHUPBACH, et al.**

v.

**James W. NEWBROUGH, et al.**

**No. 15689.**

Supreme Court of Appeals of West Virginia.

March 2, 1984.

Richard A. Bush, William E. Kiger, Parkersburg, for appellant.

Elmer Earl Bowser, Jr., New Martinsville, for appellee.

HARSHBARGER, Justice:

The Tyler County Circuit Court enjoined the Schupbachs from interfering with the Newbroughs' use of a right-of-way across

their property, and we are asked to reverse and remand for a new trial.

In December, 1980, the Schupbachs sued the Newbroughs to prevent them from going across their property to get to the Newbrough home, and for damages. The Newbroughs answered, denied the allegations, and counterclaimed for an injunction to prevent the Schupbachs from interfering with their use of the right-of-way, and for damages. The Newbroughs received a temporary restraining order, and a hearing on the temporary injunction was scheduled for December 19, postponed by agreement until February, 1981, and then continued generally by an order specifying that either party could apply for rescheduling upon ten days' notice.

During the spring and summer the Schupbachs and their attorney had surveys made, contacted former landowners, obtained evidence and deposed Mr. Newbrough. In October, 1981, the Schupbachs' attorney noticed the Newbroughs' lawyer that he would ask that the case be set for jury trial during the next court term.

However, when the court called the matter to set a trial date at the first day of the next term, October 13, 1981,[1] Schupbachs' attorney was not present. The Newbroughs' lawyer attended the docket setting, at which trial was scheduled for November 17, 1981 at 9:00 a.m. We have no evidence about how the Schupbachs or their lawyer were informed of the trial date, but apparently no notice was sent to any parties or their attorneys about the date, about what issues would be tried, or whether there would be a jury trial.

But on November 17, the case was called and Mr. Newbrough with his lawyer were present in the courtroom. The judge asked if the plaintiffs were there and defense counsel said he had seen plaintiffs' attorney in the hall moments earlier. The trial court then asked defendants' counsel if 1:30 p.m. would be convenient for the trial. Counsel agreed and asked the court for a view.

Then Schupbach and his attorney entered the courtroom. The court notified everyone that because there was a jury trial in progress, he was rescheduling their case to 1:30 that afternoon. Schupbach's counsel asked the court why he had not been notified earlier so he could have avoided charging his client for this appearance. Then he asked to have a jury trial on both the injunction and damages issues rather than separate trials, saying that two trials were too expensive for his client. The Newbroughs' counsel reminded the court that it had been planned that the injunction would be tried to the court that day, and that the judge had deferred setting the jury trial on damages for another time. Plaintiffs' attorney objected strenuously, but the court continued to maintain that the injunction would be tried at 1:30 p.m.

Schupbach's counsel objected again, then asked the court to continue the matter so that he could seek a writ of prohibition from this Court. The judge refused and reiterated that trial would start at 1:30 p.m. Counsel then asked the judge to recuse himself, but he ruled the recusal motion untimely.

Finally, counsel informed the court that he was going to telegraph this Court and seek prohibition. A telegram, confirmed by mailgram, was sent here at 11:54 a.m. asking us to prohibit the trial judge from proceeding in the cause, to have him recused, to vacate and set aside any orders entered after 1:30 p.m. that day, and for other relief including attorney's fees. We did not respond.

---

1. Local rules provide that all matters set for trial be placed on the calendar and called in court on the first day of term. Rule A of the Local Rules of Practice in the Circuit Court of Tyler County, West Virginia provides:

"Rule A. (1) The Clerk shall keep a trial calendar upon which each pending civil action shall be placed after the expiration of ten days from the filing of the last pleading permitted by Rule 7(a) of the Rules of Civil Procedure.

"(2) This calendar shall be called on the first day of each term and a calendar of actions ready for trial at that term distinguishing 'Jury actions' from 'Court actions,' shall be prepared by the clerk under the direction of the Court.

"(3) Any party to any action may after notice move to place the action on the trial calendar.

"(4) An action need not be placed on the trial calendar to have judgment by default as provided in Rule 55 of the Rules of Civil Procedure."

Trial commenced at 1:30 p.m. as scheduled, but Schupbach and his lawyer did not appear. Mr. Schupbach filed an affidavit here averring that his attorney told him not to appear at trial that afternoon because he was going to appeal to us.

Defendants presented their evidence and the court, by memorandum opinion dated November 24, 1981 and an order dated November 30, permanently enjoined the Schupbachs from interfering with the Newbroughs' use of the existing road and from harassing, intimidating and embarrassing the Newbroughs about their use of the road.

The Schupbachs then hired another lawyer who sought relief from judgment by a W.Va. Rules of Civil Procedure Rule 60(b) proceeding and filed this appeal. The trial court has not yet decided on the Rule 60(b) motion.

The Schupbachs contend that they did not have proper notice of the hearing on the injunction as required by the W.Va. Rules of Civil Procedure, the Trial Court Rules for Courts of Record, W.Va.Code, 53–5–8, and were denied due process. They also complain that their attorney consented to entry of judgment against them without their authority, and therefore, they are entitled to a trial.

W.Va.Code, 53–5–8 provides, in part, that after a temporary injunction issues:

> at any time prior to final adjudication, any party to the proceedings, after reasonable notice to all other parties of record, which notice shall not in any case exceed five days, may move for a hearing on any particular issues or phases of the case which may properly be heard interlocutorily. Such hearing may, in the discretion of the court or judge, be had at the time the motion is made but shall be commenced within the ten days next thereafter, unless by consent of all parties appearing the hearing is continued until a later date. At any such hearing, in term time or in vacation, any party to the proceedings may be present in person or by counsel and may present such witnesses, cross-examine witnesses and offer such testimony and evidence as may

be pertinent to the issues then before the court or judge, as the case may be. The court or judge, upon such hearing and the record in the case, shall render a decision without delay, and may continue or dismiss the injunction or may enlarge or modify the same, as may be warranted.

The February 11 hearing met this statutory requirement and was continued by agreement of the parties in accord with Code, 53–5–8. The order stated: "Any party may, upon ten (10) days written notice, make application to this Court for the rescheduling of the above hearing."

There is nothing in the record to indicate what kind of notice the Schupbachs and their attorney got about the date of the November 17 hearing, but they knew about it and appeared, prepared to go to trial. They even objected strenuously to the trial court's severance of the injunction issue from the damages issue and wanted both heard that day in a single trial.

The due process clauses of our State and Federal Constitutions afford parties the procedural rights of notice and opportunity to be heard. U.S. Const. amend. XIV; W.Va. Const. art. III, § 10; Syllabus, *Menon v. Davis Memorial Associates*, 160 W.Va. 453, 235 S.E.2d 817 (1977); Syllabus Point 2, *Simpson v. Stanton*, 119 W.Va. 235, 193 S.E. 64 (1937).

■ Notice of a hearing date, of course, enables a party to be heard. We have said that actual notice is not a prerequisite to a court's jurisdiction to hear a matter, although lack of notice of a hearing date may be reason to open or vacate a judgment. Syllabus Point 2, *Cordell v. Jarrett*, 171 W.Va. 596, 301 S.E.2d 227 (1982); *Wheeler v. Erwin*, 150 W.Va. 300, 145 S.E.2d 121 (1965). We have also stated that it is a party's responsibility to keep apprised of his hearing date. *Winona Nat. Bank v. Fridley*, 122 W.Va. 479, 10 S.E.2d 907 (1940). *See also* 75 Am.Jur.2d *Trial* § 6.

■ Despite Schupbach's assertion that he had no notice, we find that he must have been actually notified of the trial date, be-

cause he appeared on the proper day at the scheduled time, ready for trial. It is generally accepted that a party's presence with counsel waives any claim he might have had about lack of notice.[2] 16 Am.Jur.2d *Constitutional Law* § 838. We find that Schupbach was not denied procedural due process by the actions of the trial court on November 17.[3]

■ Schupbach's final argument is that the negligence of his attorney justifies a new trial. That issue is not ripe for appeal: Schupbach has filed a W.Va. Rules of Civil Procedure, Rule 60(b) motion, proper for determining whether to open the judgment.

Rule 60(b) motions to vacate or set aside default judgments and award new trials are liberally construed to permit trials on the merits, avoid consequences of default judgments, and accomplish justice. *Cordell v. Jarrett, supra*; Syllabus Pt. 6, *Toler v. Shelton*, 157 W.Va. 778, 204 S.E.2d 85 (1974); *Kelly v. Belcher*, 155 W.Va. 757, 187 S.E.2d 617 (1972); *McDaniel v. Romano*, 155 W.Va. 875, 190 S.E.2d 8 (1972); *Hamilton Watch Company v. Atlas Container, Inc.*, 156 W.Va. 52, 190 S.E.2d 779 (1972). It is within the trial court's good discretion to open the judgment and permit a new trial. We remand for consideration of the Schupbachs' Rule 60(b) motion.

Remanded.

**2.** Schupbach claims that our rule of civil procedure, Rule 5(a) and (d), required that written notice of a hearing date be served on an opposing party or his attorney, and that evidence of service must be filed with the court by a certificate of service. While it is proper practice to give parties written notice of a hearing date, we cannot say that Schupbach was without notice requiring reversal.

**3.** We have continuously noted default judgments should not be entered against a party who has appeared unless W.Va. Rules of Civil Procedure, Rule 55(b)(2) is complied with. It states in part: "If the party against whom judgment by default is sought has appeared in the action, he ... shall be served with written notice of the application for judgment at least three days prior to the hearing on such application." *See Daniels v. Hall's Motor Transit Co.*, 157 W.Va. 863, 205 S.E.2d 412, 73 A.L.R.3d 1246 (1974); *Investors Loan Corp. v. Long*, 152 W.Va. 673, 166 S.E.2d 113 (1969). We do not know whether this issue was presented to the trial court in the 60(b) motion, but failure to raise it will preclude its consideration on appeal, *Bell v. West*, 168 W.Va. 391, 284 S.E.2d 885, 888 (1981).