404 S.E.2d 418

**J.D. HINKLE & SONS, INC.,
Plaintiff Below,**

v.

**Evelyn G. HATLEY, Individually, and Evelyn G. Hatley, d/b/a Three Lane Auto Repair, Defendant Below.**

No. 19779.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 16, 1991.

Decided April 17, 1991.

Roy D. Law, Buckhannon, for plaintiff.

Daniel J. Post, Buckhannon, for defendant.

PER CURIAM:

This certified question from the Circuit Court of Grant County asks whether the filing of a complaint constitutes an appearance under Rule 55(b)(2) of the West Virginia Rules of Civil Procedure, requiring the defendant to give the plaintiff written no-

---

tice before obtaining a default judgment on the defendant's counterclaim. We find that the filing of a complaint is an "appearance" under Rule 55(b)(2).

## I.

On March 20, 1987, J.D. Hinkle & Sons, Inc., filed suit against Evelyn G. Hatley, individually and doing business as Three Lane Auto Repair. The defendants filed a timely answer and a counterclaim. The plaintiff did not answer the counterclaim.

In response, the defendants filed a motion for default judgment pursuant to Rule 55(b)(2) because the plaintiff had failed to answer the counterclaim. The defendants did not give the plaintiff written notice of its application for a default judgment. In an order dated June 18, 1987, the circuit court entered default judgment on the counterclaim.

Subsequently, the plaintiff filed a motion to set aside the default judgment pursuant to Rule 55(c)[1] and Rule 60(b)[2] because the defendants did not notify the plaintiff of the application for default judgment. Following a hearing, the circuit court, in an order dated October 11, 1989, refused to set aside the default judgment. The court ruled that notice was not necessary because the plaintiff had not "appeared" or otherwise indicated an intention to defend the counterclaim.

## II.

The provisions for obtaining a default judgment are found in Rule 55(b), the relevant language of which states: "If the party against whom judgment by default is sought has appeared in the action, he (or, if

appearing by representative, his representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application."

The question then becomes what constitutes an appearance under this rule. We addressed the meaning of an appearance under Rule 55(b)(2) in *Daniels v. Hall's Motor Transit Co.*, 157 W.Va. 863, 205 S.E.2d 412 (1974). In *Daniels*, the plaintiffs filed suit against two defendants for personal injury and property damage. The parties agreed by written stipulation to extend the time within which the defendants could answer the complaint. The defendants nonetheless failed to answer within the stipulated time period. The plaintiffs moved for a default judgment against the defendants; however, neither of the defendants was served with written notice of the application for default judgment. The circuit court entered default judgment against both defendants.

We initially explained in *Daniels* the law's policy favoring trial of "all cases on the merits[.]" 157 W.Va. at 866, 205 S.E.2d at 413. (Citation omitted). This policy led us to interpret the term "appearance" liberally in order to assure "timely notice to persons who have indicated an interest in [the] litigation before default judgment is entered against them." 157 W.Va. at 66, 205 S.E.2d at 413. We then came to this conclusion in the Syllabus of *Daniels*:

"Where a party defendant files a written stipulation extending the time for filing an answer, *or indicates interest in pending litigation against him by any other written matter of record in the*

**1.** Rule 55(c) provides: *"Setting aside default judgment.—*A judgment by default may be set aside in accordance with Rule 60(b)."

**2.** Rule 60(b) of the West Virginia Rules of Civil Procedure provides, in relevant part:

*"Mistakes; inadvertence; excusable neglect; unavoidable cause; newly discovered evidence; fraud, etc.—*On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect, or unavoidable cause; (2) newly discovered evidence which by due dil-

igence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment."

*court file signed by the party, his counsel, or his representative, the party 'has appeared' within the contemplation of Rule 55(b)(2), R.C.P.* and is entitled to notice of an application for default judgment." (Emphasis added).[3]

Although we have not had occasion to address a factual scenario precisely like the one presented in this case, at least one federal court has had such an opportunity.[4] In *Commercial Casualty Insurance Co. v. White Line Transfer & Storage Co.,* 114 F.2d 946, 947 (8th Cir.1940), the plaintiff failed to answer a counterclaim and cross-claims. Subsequently, the trial court entered a judgment against the plaintiff, even though the plaintiff had never been notified of the application for the default judgment. On appeal, the federal court set aside the default, stating:

> "The plaintiff was a party against whom affirmative relief was sought by counterclaim and cross-claims and prayers for affirmative relief in the answers, and it had 'failed to plead or otherwise defend' within the meaning of 55(a). It was a party which had 'appeared in the action' within the reference of 55(b)(2), and the counter and cross-claimants were, therefore, required by 55(b)(2) to cause the plaintiff to 'be served with written notice of the application for judgment at least 3 days prior to the hearing on such application.'" 114 F.2d at 947.

*See generally* Annot., 27 A.L.R.Fed. 620 (1976 & Supp.1990); Annot., 73 A.L.R.3d 1250 (1976 & Supp.1990).

The logic of *Commercial Casualty* is compelling. Moreover, it is obvious that the filing of a complaint is a "written matter of record in the court file signed by the party, his counsel, or his representative[.]" Syllabus, in part, *Daniels v. Hall's Motor Transit Co., supra.* Therefore, we conclude that the defendant was required to give the plaintiff written notice of its application for a default judgment at least three days prior to the hearing on such application as required by Rule 55(b)(2).

The question certified to this Court is therefore answered and dismissed from the docket.

Certified question answered and dismissed.

---

3. In *Daniels,* we distinguished *Intercity Realty Co. v. Gibson,* 154 W.Va. 369, 175 S.E.2d 452 (1970), where we held that oral discussions between opposing counsel did not constitute an appearance. In *Intercity Realty,* "there was no matter of record in the court file and the conversation was between lawyers who knew the consequences of failure to answer." *Daniels,* 157 W.Va. at 865, 205 S.E.2d at 412.

4. Rule 55(b)(2) of the Federal Rules of Civil Procedure is similar to our Rule 55(b)(2).