No. 17-1106 – *Samuel R. Amoruso, Jr. d/b/a/ Quality Supplier Trucking, Inc. v. Commerce and Industry Insurance Company*

**FILED**
**March 27, 2019**
**released at 3:00 p.m.**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Hutchison, Justice, dissenting:

The very first rule of the West Virginia Rules of Civil Procedure, Rule 1, is that all the other rules "shall be construed and administered to secure the just . . . determination of every action." I respectfully dissent because the plaintiff insurance company in this case manipulated the Rules, snookered the circuit court into depriving the defendant of due process, and gained an unjust result.

The facts in this case are simple and obvious: the plaintiff, Commerce and Industry Insurance Company, deliberately sued the wrong defendant. There was no mistake. The plaintiff insurer had a contract to provide workers' compensation insurance to Q.S.I., Inc. Q.S.I. breached the contract and failed to pay $36,809.00 in premiums due. The plaintiff had invoices it claimed to have sent to Q.S.I. and that it claimed were unpaid. However, instead of suing the entity everyone agrees had some culpability, Q.S.I., the plaintiff's lawyer consciously chose to sue Samuel R. Amoruso, Jr., personally, and doing business as Quality Supplier Trucking.

Mr. Amoruso, acting *pro se*, answered the plaintiff-insurer's lawsuit and denied personally owing anything. He also denied he was "doing business as" Quality Supplier Trucking, and there is nothing in the record to show this entity either exists or is related to Q.S.I., Inc. When the plaintiff insurer served discovery, Mr. Amoruso didn't

1

answer – until the plaintiff got an order from the circuit court compelling him to answer. Then he answered and again denied being liable on the insurance contract. Throughout this process, Mr. Amoruso repeatedly spoke with the plaintiff and the plaintiff's lawyer and said they had sued the wrong entity. Mr. Amoruso agreed that he was treasurer of the real debtor, Q.S.I., and apparently believed the insurer would act in good faith and would seek to charge Q.S.I with whatever amounts were properly due on the insurance contract.

The plaintiff insurer, however, did not remove Mr. Amoruso from the case. Instead, it filed an amended complaint that did nothing more than change the amounts it claimed Mr. Amoruso owed on the breached contract, raising the debt from $36,809.00 to $64,255.00. Everyone agrees that Mr. Amoruso was served with the amended complaint but did not answer.

What irks me about his case is what the plaintiff insurer did next. Remember, Mr. Amoruso had appeared in this case, without a lawyer. He had answered the original complaint. He had answered discovery (after the insurer got an order from the judge compelling him to do so). He had spoken with both the insurer and its lawyer, and repeatedly told them they had sued the wrong party. Despite that, the plaintiff insurer filed its motion for default judgment claiming Mr. Amoruso *had never appeared in the case.*[1]

---

[1] The plaintiff-insurer's motion for default judgment contains an affidavit where its lawyer says Mr. Amoruso had never served an "answer or notice of appearance," and says twice that he "ha[d] wholly failed to appear, plead or otherwise defend in this action." The lawyer says he signed the affidavit because of Mr. Amoruso's "failure to answer or otherwise appear or defend[.]" The circuit court's default judgment order, which

2

Moreover, there is nothing showing it formally served Mr. Amoruso with the motion, or informally sent him a letter or a note or a text message or simply made a phone call. The plaintiff insurer just snuck the motion into the circuit judge's office and promptly got a default judgment in return.

Rule 55(b)(2) of the Rules of Civil Procedure [1998] says (with emphasis added) that "[i]f the party against whom judgment by default is sought *has appeared in the action*, the party . . . *shall* be served with written notice of the application for judgment[.]" The rule isn't vague. It says written notice "shall" be given if a party "has appeared in the action." The failure to provide written notice renders the subsequent default judgment easily voidable. Syllabus Point 4, *Hartwell v. Marquez,* 201 W.Va. 433, 498 S.E.2d 1 (1997). And for over four decades, this Court has said that an "appearance" can be nothing more than a "written matter of record in the court file signed by the party" that "indicates interest in pending litigation against him[.]" Syllabus, *Daniels v. Hall's Motor Transit Co.*, 157 W.Va. 863, 205 S.E.2d 412 (1974). An "appearance for purposes of Rule 55(b)(2) may consist only of letters or conversations[.]" *Farm Family Mut. Ins. Co. v. Thorn Lumber Co.*, 202 W.Va. 69, 75 n.9, 501 S.E.2d 786, 792 n.9 (1998). Put simply, an "'appearance' by an otherwise defaulting party may consist of any communication to an opposing party that demonstrates either an interest in the pending litigation, or actual notice of the litigation. The communication may be made in written or oral form." Syllabus Point

---

was prepared by plaintiff's lawyer, also says Mr. Amoruso "ha[d] failed to appear, plead or otherwise defend in this action[.]"

5, *Cales v. Wills*, 212 W.Va. 232, 569 S.E.2d 479 (2002). "This liberal construction of the term ['appearance'] allows for the resolution of litigation on its merits, not technical pleading rules." *Farm Family*, 202 W.Va. at 75 n.9, 501 S.E.2d at 792 n.9.

Rule 55 is clear that the plaintiff insurer *should* have given Mr. Amoruso notice of the default judgment motion; the record is clear that it did not. I'm willing to wager that the plaintiff insurer knew it was manipulating the Rules of Civil Procedure because of what it did once it got the judgment order. To set aside a default judgment under Rule 60, a party in default must usually act within one year of the day the judgment is entered. To keep Mr. Amoruso from challenging the judgment, the plaintiff insurer did nothing and sat on the judgment for some 16 months. The plaintiff got its judgment in January 2016 but waited until May 2017 to notify Mr. Amoruso. Two days after getting the notice, Mr. Amoruso had a lawyer move to set aside the default judgment.

The majority opinion correctly holds that the motion to set aside the default judgment – a motion that was drafted in two days – was not artfully drawn. The motion was not tidy but sought to set aside the judgment under Rule 60(b)(1) for "[m]istake, inadvertence, surprise, excusable neglect, or unavoidable cause" and (b)(3) for "fraud . . ., misrepresentation or other misconduct[.]" Essentially, Mr. Amoruso claimed he was the wrong party to be sued, and that the plaintiff insurer chose to sue him personally either by mistake or by fraud. The problem is that Rule 60(b) requires motions on these two grounds be made within one year. Despite this absurd procedural result, the majority opinion is right.

My dissent, however, stems from an argument in Mr. Amoruso's appellate brief. On appeal, for the first time, Mr. Amoruso's lawyer argued that the default judgment is "void" under Rule 60(b)(4), and challenges to void judgments can be made at any time.[2] Normally, this Court sidesteps arguments raised for the first time on appeal. Nevertheless, Mr. Amoruso compellingly argues that the way the default judgment order was entered in this case violated his due process rights and was, therefore, void – and on this point, I agree.

As the majority opinion notes in footnote 9, a judgment is void under Rule 60(b)(4) "if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or *if it acted in a manner inconsistent with due process of law*." Charles Alan Wright, Arthur R. Miller, 11 Fed. Prac. & Proc. Civ. § 2862 (3rd ed. 2012) (emphasis added). "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010).[3] Stated simply, "[A] judgment may be set aside on

---

[2] A Rule 60(b)(4) motion must be made "within a reasonable time" after entry of the judgment, and is not constrained by the one-year limitation. "Courts have been exceedingly lenient in defining the term 'reasonable time,' with regard to voidness challenges. In fact, it has been oft-stated that, for all intents and purposes, a motion to vacate a default judgment as void 'may be made at any time.' 12 *Moore's Federal Practice* § 60.44[5][c]." *Beller & Keller v. Tyler*, 120 F.3d 21, 24 (2nd Cir. 1997). *See*, *e.g.*, *Crosby v. The Bradstreet Co.*, 312 F.2d 483, 485 (2nd Cir. 1963) (vacating judgment as void 30 years after entry).

[3] "There is no theoretical limit to the possibilities that a judgment could be void because a court with jurisdiction over the subject matter and jurisdiction over the parties nonetheless 'has acted in a manner inconsistent with due process of law.'" 12 Moore's Federal Practice § 60.44[4] (3rd Ed. 2018). *See also Oakes v. Horizon Fin., S.A.*,

voidness grounds under Rule 60(b)(4) for a violation of the due process clause of the Fifth [and Fourteenth] Amendment." *In re Ctr. Wholesale, Inc.*, 759 F.2d 1440, 1448 (9th Cir. 1985).

Moreover, a judgment is void if it was entered without the notice required by due process. The Supreme Court set forth the due process requirements for notice in *Mullane v. Central Hanover Bank & Trust C*o., 339 U.S. 306, 314 (1950):

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice

---

259 F.3d 1315, 1318-19 (11th Cir. 2001) ("Rule 60(b)(4) of the Federal Rules of Civil Procedure provides that a court may relieve a party from an order or final judgment that is void. A judgment is 'void' under Rule 60(b)(4) if it was rendered without jurisdiction of the subject matter or the parties or in a manner inconsistent with due process of law."); *Broyhill Furniture Indus., Inc. v. Craftmaster Furniture Corp.*, 12 F.3d 1080, 1084 (Fed. Cir. 1993) ("[I]t is well established that a judgment is void for purposes of 60(b)(4) only when the court that rendered the judgment lacked jurisdiction or failed to act in accordance with due process of law."); *Schwartz v. United States*, 976 F.2d 213, 217 (4th Cir. 1992) ("A judgment is not void merely because it is erroneous. It is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." (Quoting Wright and Miller)); *Wesco Prod. Co. v. Alloy Auto. Co.*, 880 F.2d 981, 984 (7th Cir. 1989) ("A void judgment for purposes of Rule 60(b)(4) is generally defined as a judgment entered by a court without jurisdiction or in contravention of due process of law."); *Bank of Hawaii v. Shinn*, 200 P.3d 370, 381 (Hawaii, 2008) ("a judgment is void only if the court lacked subject matter jurisdiction, jurisdiction over the person, or violated due process"); *DeLuca v. DeLuca*, 839 A.2d 1237, 1241 (R.I. 2004) ("[A] void judgment or decision is one in which the court entering the judgment lacked jurisdiction over the matter or when the court's action violated a procedural requirement so substantial that it amounted to a plain usurpation of power constituting a violation of due process.); *Bode v. Minnesota Dep't of Nat. Res.*, 594 N.W.2d 257, 261 (Minn. Ct. App. 1999) ("A judgment is void if the issuing court lacked jurisdiction over the subject matter, lacked personal jurisdiction over the parties through a failure of service that has not been waived, or acted in a manner inconsistent with due process." (Quoting Wright and Miller)); *K&K Investments, Inc. v. McCoy*, 875 S.W.2d 593, 596 (Mo. Ct. App. 1994) ("Judgment is a 'void judgment' if court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process." (Quoting *Black's Law Dictionary* 1574 (6th ed. 1990)).

6

reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information . . . and it must afford a reasonable time for those interested to make their appearance.

The constitutional notion of due process requires that a plaintiff "act diligently and take such steps in attempting to give the defendant actual notice of the proceeding as are reasonably practicable." *Carlson v. Bos*, 740 P.2d 1269, 1275 (Utah 1987). "The purpose of notice under the Due Process Clause is to apprise the affected individual of, and permit adequate preparation for, an impending 'hearing.'" *Memphis Light, Gas & Water Division v. Craft*, 436 U.S. 1, 14 (1978). Thus, "[d]ue process requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *United Student Aid Funds*, 559 U.S. at 272. The form of notice chosen satisfies this requirement only if it "is as reasonably calculated to reach the defendant as any other practicable alternative." *Carlson*, 740 P.2d at 1276.

After studying the law surrounding Rule 60(b)(4), I am persuaded that Mr. Amoruso's due process rights were violated by the plaintiff insurer in this case. The plaintiff knew Mr. Amoruso had participated in this case and answered discovery requests, and knew he was interested in the outcome of the case. Mr. Amoruso conversed with both the plaintiff and its lawyer. Despite that knowledge, the plaintiff slipped its default judgment motion before the circuit judge without giving Mr. Amoruso any notice or chance to respond. The plaintiff then sat on the default judgment for over a year, solely to deprive

7

Mr. Amoruso of the right to challenge the judgment. "The fundamental requisite of due process of law is the opportunity to be heard. This right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest." *Mullane*, 339 U.S. at 314. Accord *State ex rel. Peck v. Goshorn*, 162 W.Va. 420, 422, 249 S.E.2d 765, 766 (1978). *See also*, *Price v. Wyeth Holdings Corp.*, 505 F.3d 624, 632 (7th Cir. 2007) (Setting aside default judgment as void, in part because "[w]here the moving party has been prevented from presenting the merits of his case by the conduct of which he complains, Rule 60(b) relief is most appropriate."); *Sonus Corp. v. Matsushita Elec. Indus. Co.*, 61 F.R.D. 644, 649 (D. Mass. 1974) ("Neither plaintiff nor its counsel was given any prior notice of the motion for judgment by default or the hearing thereon, therefore due process was denied plaintiff.")

"Using the Rules [of Civil Procedure] to the best advantage of one's client is good advocacy . . . But where the net result of adhering to the letter of the Rules is to thwart rather than to promote justice, the court must be wary of their rigid application." *Byron v. Bleakley Transp. Co.*, 43 F.R.D. 413, 415-16 (S.D.N.Y. 1967). In an unusual case like this, courts should not strive to be kneecapped by the Rules. The Rules are supposed to be construed liberally to achieve justice, and that did not occur in this case.

I therefore respectfully dissent.