32 N.J. Super. 50 (1954)
107 A.2d 713
MAURICE CLEARY AND ELLA CLEARY, PLAINTIFFS-RESPONDENTS,
v.
TOWNSHIP OF NORTH BERGEN IN THE COUNTY OF HUDSON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued August 2, 1954.
Decided September 10, 1954.
*51 Before Judges HALL, TOMASULO and MARIANO.
Mr. Nicholas S. Schloeder argued the cause for appellant.
The opinion of the court was delivered by TOMASULO, J.S.C. (temporarily assigned).
The plaintiffs-respondents purchased a parcel of real estate from the defendant-appellant at auction pursuant to R.S. 40:60-26, having bid $3,000 therefore. Thereafter, plaintiff refused to accept the title to the property on the basis that it was unmarketable and instituted a suit for the return of the deposit of $150 plus reasonable costs of the title examination, the township having refused to return the deposit. The following facts were established:
On April 4, 1853 the then owner of the property conveyed the same to one Michael Pastacaldi, the deed being recorded on November 12, 1853. On October 18, 1923 Edward Hornung, having acquired a tax lien affecting the subject property, instituted strict foreclosure proceedings in the Court of Chancery upon the conclusion of which he became the owner of the property. On June 27, 1925 Edward Hornung *52 died, leaving a last will and testament duly proven on July 8, 1925 in which he left his real estate to his wife, Theresa Hornung. On April 14, 1928 the Township of North Bergen filed a lis pendens in connection with condemnation proceedings instituted by it in accordance with the provisions of the Condemnation Act of 1900 (2 C.S. 2182, etc.). On May 9, 1928 an order appointing commissioners was filed in the Clerk's Office of Hudson County (Docket 139186). The order called upon the commissioners to file their report in the clerk's office on or before July 16, 1928. Accordingly, the commissioners prepared a report dated July 12, 1928 in which they made an award of $11,000 for the condemned property. This report was never filed with the county clerk as provided for by the statute, supra. On August 6, 1928, however, the Township of North Bergen filed a petition in Chancery to pay the amount of the condemnation award to the clerk of that court in accordance with the provisions of section 8 of the act (Chancery Docket 69-372). Thereafter, an order of the Court of Chancery was entered granting leave to the Township of North Bergen to pay the sum of $11,000 into court and providing for the giving of notice thereof to all the interested parties. The petition so filed by the Township of North Bergen had annexed thereto the report of the commissioners dated July 12, 1928 which (inter alia) set forth the following:
"We do find and report that the value of the land described as aforesaid and thus to be taken for public use in this matter as of the date of the filing of the petition and order herein is the sum of $11,000; that no damages accrued to the owners, occupants and persons interested in said land by reason of such taking, over and above the value of the lands thus to be taken, so that the amount to be paid by the petitioner for such land and damage aforesaid as of the date of the filing of the petition and order herein, is the sum of $11,000.
All of which is respectfully submitted the 12th day of July, A.D., 1928.
 Adolph C. Carsten,
 Joseph J. Garibaldi,
 Harry W. Renner,
 Commissioners."
*53 In the Chancery proceeding so taken by the Township of North Bergen, Theresa Hornung filed a petition in which she set forth: (1) that she was the owner of the premises by virtue of the proceedings in strict foreclosure brought by her deceased husband against Michael Pastacaldi, et al; (2) that on the 5th day of May, 1928, commissioners were appointed by the Honorable James F. Minturn, one of the justices of the Supreme Court of the State of New Jersey, and thereafter a hearing was held before said commissioners and as a result thereof, on the 12th day of July, 1928, the said commissioners awarded the sum of $11,000 as damages to the owners of the aforesaid lands of which said lands your petitioner is the sole owner.
Upon the filing of this latter petition an order of reference, dated October 25, 1928, was made to Anthony P. LaPorta, a special master in Chancery who took depositions thereunder, and reported on December 6, 1928 that all the material allegations of the petition were true and consequently payment of the $11,000 theretofore deposited by the Township of Bergen in the Court of Chancery was recommended to be paid to the petitioner, Theresa Hornung. This report was approved and confirmed on December 10, 1928 and an order directing the payment of the $11,000 to Theresa Hornung was entered thereon. Thereafter, this property was removed from the tax rolls of the township and has ever since been listed as township owned property. Although the use for which the premises were condemned was never undertaken by the township, the township manifested its ownership thereof by erecting a fence thereon and posting signs indicating "No Dumping." On several occasions two federal agencies made use of the property for storage purposes. In this state of facts the plaintiff's contention was that the title of the municipality to the property was defective in that the condemnation commissioners had failed in accordance with the mandates of the statute, supra, to file their report in the county clerk's office within the time limited, viz.  on or before July 17, 1928, by reason whereof the proceedings were *54 rendered void. The lower court sustained this claim and entered the judgment in favor of the plaintiff for the amount of the deposit together with a reasonable search fee in the amount of $150, the total being $300. This appeal is taken by the defendant from the judgment so entered. The statute (section 6) provides:
"The commissioners, having first taken and subscribed an oath or affirmation faithfully and impartially to examine the matter in question and to make a true report according to the best of their skill and understanding, shall meet at the time and place appointed and proceed to view and examine the land or other property, and make a just and equitable appraisement of the value of the same, and an assessment of the amount to be paid by the petitioner for such land or other property and damage aforesaid, as of the date of the filing of the petition and order thereon, which report shall be made in writing under the hands of said commissioners or any two of them, and filed by them within the time limited by the justice in the office of the clerk of the county in which the land or other property is situated, to remain of record therein; if the report is not made within the time limited, the powers of the commissioners shall cease, and an application may be made to a justice of the supreme court for the appointment of new commissioners on such notice as the justice may direct; in case any commissioner shall die pending the proceedings, or is disqualified, or is unable to act, or shall fail or refuse to act and perform the duties of the appointment, the other two commissioners shall proceed to perform the duties of their appointment with the same powers as if all three were acting." (L. 1900, p. 81)
Sections 7 and 8 provide:
"Upon the filing of the report of the commissioners, and upon payment or tender of payment of the amount awarded, as hereinafter provided, the petitioner is hereby empowered to enter upon and take possession of said land or other property for the purposes for which the same was authorized to be taken, and the said report, together with the petition and orders, or a copy of said report, petition and orders, certified by the clerk of the county, and proof of payment or tender of the amount awarded shall at all times be considered as plenary evidence of the right of the petitioner to have, hold, use, occupy, possess and enjoy the said land and other property; and the said report, together with the petition and orders, or a copy thereof certified by the clerk of the county, shall be plenary evidence of the right of the owner to recover the amount awarded, with interest and costs, in an action upon contract in any court of competent jurisdiction, in a suit to be instituted against the petitioner after neglect to pay the same for twenty days after the filing of the report, and shall from the time of filing the report be enforceable as *55 a lien upon the property taken and any improvements thereon; and the said justice shall, upon application of either party on reasonable notice, tax and allow such costs, fees and expenses of the commissioners, clerks and other persons performing any of the duties prescribed in this section as he shall think equitable and right, which shall be paid by the petitioner.
In case the party entitled to receive the amount assessed by the commissioners shall refuse upon tender thereof to receive the same, or shall be out of the state or under any legal disability, or in case several parties being interested in the fund shall not agree as to the distribution thereof, or in case the lands or other property taken are incumbered by any mortgage, judgment or other lien, or in case for any other reason the petitioner cannot safely pay the amount awarded to any person, in all such cases, on petition to the chancellor, to which shall be annexed a copy of the petition in condemnation and of the report of commissioners, the amount awarded may be paid into the court of chancery by order of the chancellor, and shall there be distributed according to law, on the application of any person interested therein; and written notice given to the owner or owners and to persons interested that such money has been so paid into court shall have the same effect as if the money so awarded had been actually tendered to the owner or persons entitled thereto, and where notice cannot be personally served, notice by advertisement, in such manner as the chancellor shall direct, shall have the same effect." (L. 1900, p. 82)
A reading of the statute (section 6) discloses that the requirement for the filing of the report within the time limited by the justice of the Supreme Court has as one of its objects the giving of notice to the interested parties in the action.
Section 7 provides that the right of possession of the public authority to the property, which is the subject matter of the condemnation, begins upon the happening of two events: (1) the filing of the report, and (2) the payment or tender of payment of the amount awarded. (See section 7, C.S., p. 2184). Indeed, it is this report together with the petitions and orders or a copy thereof which entitles the owner to recover the amount awarded with interest and costs in a suit which was authorized in the event the condemning authority fails to pay the amount of the award within 20 days after the filing of the report. See section 7, supra.
It will be noted that the procedure outlined in section 7 is not exclusive, for section 8 provides an alternative *56 method of the payment of the award. It was the latter section which the Township of North Bergen proceeded under to make payment of the monies awarded by the commissioners. Theresa Hornung was served with process and participated in these proceedings and accepted payment of the amount of the award made by the commissioners in their report. The lower court concluded that the failure of the commissioners to file the report as provided for in section 6 of the statute was fatal to the proceedings and consequently rendered the title unmarketable. With this, we do not agree.
We hold that the provisions of section 6 requiring the filing of the report were intended to inure to the benefit of persons affected by the condemnation proceedings, and that the provisions of the statute were subject to waiver by them.
Thus, we conclude that Theresa Hornung, having filed a petition in the Chancery proceedings in which she sought and received payment of the award made by the commissioners in the condemnation proceedings, waived the benefit of the provisions of the statute providing for the filing of the report by the commissioners, and could not thereafter be heard to complain on that account. To hold otherwise would in effect work a fraud upon the Township of North Bergen who, having paid the amount of the award, became vested with a title defeasible at the will of the persons receiving the payment of the award. Here participation in the Chancery proceedings and the acceptance of the award is consistent with only one legal theory, i.e., that of a waiver of such rights as may have accrued to her by reason of the non-compliance with the provision of section 6 requiring the filing of the report within the time limited and we so decide. Besides, the record discloses that Mrs. Hornung was the only interested party affected by the condemnation proceedings and, consequently, the only one entitled to attack the title of the Township of North Bergen for any deficiency in the proceedings.
The court entertains no hesitancy in determining that an action brought by her for that purpose would have no reasonable chance of success and that consequently, any doubt *57 arising from the possibility of such a challenge to the title is fanciful. Casriel v. King, 141 N.J. Eq. 515 (Ch. 1948), affirmed 2 N.J. 45 (1949). We conclude that the title of the Township of North Bergen was not unmarketable and that therefore the judgment of the district court should be reversed, and judgment is directed to be entered in favor of defendant.