MARY E. WHEELER, *as administratrix* OF THE ESTATE OF WILLIAM A. WHEELER

*v.*

EVA ERWIN

(No. 12421)

Submitted September 14, 1965. Decided November 30, 1965.

*Marshall, Harshbarger & St. Clair,* for appellant.

BROWNING, PRESIDENT:

On February 5, 1964, plaintiff, administratrix of the estate of William A. Wheeler, instituted this action to recover a debt allegedly due from the defendant to plaintiff's decedent. Attached to the complaint as "Exhibit A" was an itemized statement of the amount allegedly due upon an open account. Defendant answered denying any indebtedness to plaintiff's decedent and alleging payment. The answer was served upon counsel for plaintiff by the mailing of a copy thereof to his last known address on February 15, 1964, and was filed with the Court on February 17, 1964.

On May 6, 1964, the following order was entered:

> "This day, March 23, 1964, came the defendant, Eva Erwin, in person and by her counsel, Clarence L. Watt, pursuant to a previous pre-trial conference affixing this day for trial upon this cause, and the plaintiff having failed to appear or request a trial by jury, and the defendant thereupon moved that the Court hear and try said cause, which motion the Court doth sustain and it is hereby ORDERED that the action be tried by the Court in lieu of a jury.

"The Court proceeded to a trial upon the matters in dispute between the plaintiff, Mary E. Wheeler, and the Defendant, Eva Erwin, and the Court having heard the evidence of the defendant and the plaintiff failing to appear doth find for the defendant and against the plaintiff.

"It is accordingly ADJUDGED and ORDERED that the said plaintiff do recover nothing of and from said defendant, Eva Erwin, and that the cost of this action and the cost expended in this behalf by the said defendant be paid and assessed against the said plaintiff.

"Entered:  James Lee Thompson, Judge
May 6, 1964
Presented by:  C. L. Watt, Counsel for Defendant.
Filed May 11, 1964
Civil Book page 494
G. L. Copen, Clerk"

Plaintiff on July 23, 1964, moved to set aside the verdict and grant a new trial on the grounds:  (1) No notice was given to counsel of the date set for the pre-trial conference; (2) No notice was given to counsel for plaintiff of the date fixed at the pre-trial conference for the trial of the case; (3) No notice was given to the plaintiff of the hearing wherein defendant obtained a default judgment in contravention of Rule 55 (b) (2), R. C. P.; and (4), Plaintiff's counsel did not attend said trial because of mistake or inadvertence and, pursuant to Rule 60 (b), R. C. P., relief should be granted in order to serve the ends of justice. This motion was overruled by the trial court, the order reciting ". . . The Court then heard a statement by Mr. St. Clair that he had overlooked the date set for pre-trial in this action and that he had not been informed as to the trial date of the same. . . .", and plaintiff appeals.

The foregoing complaint, answer, order of May 6, 1964, motion and final order overruling the motion to set aside the verdict and grant a new trial constitute the entire record in the case.

The applicable Rules of Civil Procedure are as follows:

Rule 16.—"In any action, the court may in its

discretion direct the attorneys for the parties to appear before it for a conference to consider:

"...

"The court shall make an order which recites the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel; and after the order has been examined by counsel and entered, it controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice. The court in its discretion may establish by rule a pre-trial calendar on which actions may be placed for consideration as above provided and may either confine the calendar to jury actions or to non-jury actions or extend it to all actions."

Rule 40—"Each court shall provide by rule for the placing of actions upon the trial calendar (1) without request of the parties, or (2) upon request of a party and notice to the other parties, or (3) in such other manner as the court deems expedient. Such rules shall be promulgated in accordance with Rule 83. Precedence shall be given to actions entitled thereto by the Constitution or statutes of the State."

Rule 83—"Each court may from time to time make and amend rules governing its local practice not inconsistent with these rules. Such rules and amendments shall be effective only after they are filed with and approved by the Supreme Court of Appeals. . . ."

On October 23, 1964, this Court approved and promulgated rules theretofore submitted to it by the Judge of the Twenty-ninth Judicial Circuit, which includes Putnam and Mason Counties, which date, it will be noted, is exactly seven months after the entry of the order complained of by the appellant. Those rules are not a part of the record in this case and would not be applicable, of course, to the procedure in this case. However, it will be observed that Rule 40, R. C. P., requires that each trial "court shall provide by rule for the placing of actions upon the trial

calendar" in certain situations, one being "upon request of a party and *notice* to the other parties, . . . ." (Italics supplied.) This language is mandatory and it might well be argued that the Circuit Court of Putnam County had no rules prior to October 23, 1964, governing the setting of actions for trial by request of a party; however, we need not decide this question since it is the view of this Court that any rule adopted pursuant to Rule 40 (2), R. C. P., must include a provision for "notice" to opposing counsel and if the defendant, a party to this case, requested that it be placed upon the trial docket it was the mandatory duty of counsel for that party or of the court itself to give "notice to the other parties" before "jurisdiction" was established to try the case and render a verdict for the defendant and assess costs against the plaintiff.

Furthermore, we consider the provisions of Rule 16, heretofore quoted, to be mandatory. It is evident from the order of May 6, 1964, that a pre-trial conference had been held previous to March 23, 1964, and that date set for trial of the case. Rule 16 provides that the court may in its discretion *"direct the attorneys for the parties to appear"* before it for a pre-trial conference. (Italics supplied.) The rule then provides that after the pre-trial conference an order shall be made which, *"after the order has been examined by counsel and entered",* (Italics supplied.) controls the subsequent course of the action unless modified at the trial. The italicized words clearly require the submission of such orders to counsel for all parties for examination prior to entry. If such had been done in the instant case counsel for plaintiff would have been apprised of the trial date and the case would not now be before this Court. It may be that counsel for the plaintiff was not as vigilant as he could have been in the prosecution of this action, but one of the objectives in adopting and promulgating the rules for trial courts of this state by this Court was to end trial by ambush".

It is the judgment of this Court that the final order of the Circuit Court of Putnam County, dated September 23,

1964, be reversed, the order of May 6, 1964, is set aside and the case is remanded for a new trial.

*Reversed; judgment set aside;*
*new trial awarded.*