STATE *ex rel.* DAVID E. ATKINSON

*v.*

HON. WILLIAM H. BELCHER, *Judge*

(No. 14371)

Decided September 25, 1979.

*Charles R. Garten, Jr.,* for relator.

No appearance for respondent.

PER CURIAM:

This is an original proceeding in Prohibition. On December 5, 1978, this Court issued a rule to show cause. The matter now comes on for hearing upon the petition and exhibits and note of argument, together with relator's brief. The respondent has filed no pleadings.

After considering these matters the Court finds as follows:

An action was brought in the Magistrate Court of Kanawha County seeking to recover money from the relator. After an April 15, 1977 hearing the magistrate rendered a verdict in favor of the relator, who appeared pro se. The plaintiff, by counsel, appealed the magistrate court judgment, and after an October 11, 1977 hearing a judgment was entered in the plaintiff's favor. In July 1978, relator's wages were garnished. Relator did not appear at the hearing due to the fact that he received no notice.

In order for a circuit court to establish jurisdiction of an appeal from magistrate court, proper notice must be given to all parties. *Wheeler v. Erwin,* 150 W. Va. 300, 145 S.E.2d 121 (1965). In this case failure to give notice of the hearing to petitioner deprived the circuit court of jurisdiction.

"A writ of prohibition will lie where the trial court does not have jurisdiction or, having jurisdiction, exceeds its legitimate powers." Syl. Pt. 3, *State ex rel. McCartney v. Nuzum, Judge,* ____ W. Va. ____, 248 S.E.2d 318 (1978).

"When an appeal is taken from a judgment of a magistrate court to a circuit court, notice of the time when and place where the appeal is to be heard must be given to both parties and the failure to afford such notice constitutes a violation of due process of law as guaranteed by the Fourteenth Amendment to the Constitution of the United States and the Article III, Section 10 of the Constitution of West Virginia." Syl. *Peck v. Goshorn,* _____ W. Va. _____, 249 S.E.2d 765 (1978).

We conclude relator's rights to due process were violated; the circuit court lacked jurisdiction of the appeal; and prohibition lies to prevent enforcement of the judgment against relator.

Therefore, we award the Writ of Prohibition to prohibit further enforcement of the judgment rendered below against relator.

*Writ awarded.*