DON MERRILL

*v.*

BRUCE BLAKEMORE

(No. 14556)

Decided April 4, 1980.

*Robert M. Amos*, for appellant.

*James O. Watkins, Jr.*, for appellee.

PER CURIAM:

In this action the appellant, Don Merrill, appeals from a judgment entered against him in the Circuit Court of Marion County. He alleges that he had no notice of any kind concerning the removal of the case from magistrate court to circuit court, and that the judgment against him violates his right to due process of law. In this particular case, we disagree.

The appellant sued Bruce Blakemore in the magistrate court of Marion County to recover money due under a construction contract for work performed by him and unpaid for by the defendant. The action was instituted on February 14, 1978 and the hearing date was set for March 28, 1978. Sometime prior to the hearing, the defendant in that action had the case removed to the circuit court.

In the circuit court, the defendant filed an amended answer and counterclaim against the appellant demanding judgment in the amount of $16,000; the record reveals that the appellant received notice thereof by mail. On June 12, 1978, defendant filed a motion for default judgment; the motion was denied, and the case was set for trial at the calling of the docket for the Circuit Court of Marion County on June 16, 1978. On that date, counsel for the defendant waived a trial by jury. Appellant Merrill failed to appear at the calling of the docket, either individually or by counsel. On July 27, 1978, the

court rendered judgment in favor of the defendant in the amount of $4,000.

At no time during these proceedings in the circuit court did appellant's attorney appear in his behalf, although the appellant testified that he hired Robert Amos to represent him in March of 1978 and that upon receiving defendant's amended answer and counterclaim, he delivered the same to Mr. Amos for the appropriate action.

In his petition, Mr. Merrill contends that due to lack of any notice, the judgment against him violates his right to due process of law and should be declared null and void as a matter of law. He relies upon this Court's findings in *State ex rel. Peck v. Goshorn*, ____ W.Va. ____, 249 S.E.2d 765 (1978) and *State ex rel. Atkinson v. Belcher*, ____ W.Va. ____, 258 S.E.2d 442 (1979), where we held that failure to give notice of the time and place where an appeal from magistrate court is to be heard constitutes a violation of due process under the Fourteenth Amendment to the United States Constitution and Article III, Section 10 of the West Virginia Constitution.

The rationale set forth in *Peck* and followed in *Atkinson* was quoted from *Mullane v. Central Hanover Bank and Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950):

> Many controversies have raged about the cryptic and abstract words of the Due Process Clause but there can be no doubt that at a minimum they require that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case.
>
> * * * * * *
>
> 'The fundamental requisite of due process of law is the opportunity to be heard'. *Grannis v. Ordean*, 234 U.S. 385, 394, 34 S.Ct. 779, 58 L.Ed. 1363. This right to be heard has little reality or worth unless one is informed that the matter is

pending and can choose for himself whether to appear or default, acquiesce or contest. [249 S.E.2d at 766].

Both *Peck* and *Atkinson* involved appeals from magistrate court to the circuit court. In neither case did the petitioner have any notice of the action in the circuit court, nor were they represented by counsel.

The case before us is distinguishable from *Peck* and *Atkinson*. The record reveals that appellant Merrill and his attorney both had knowledge that the action had been removed to the circuit court by the defendant. Merrill admitted that he received a copy of the amended answer and counterclaim in the mail and that he gave it to Mr. Amos. In addition, appellant was represented by counsel from almost the beginning of the suit. The fact that his attorney did not file an answer to the counterclaim and did not follow through with his case in the circuit court does not support his deprivation of due process argument. Receipt of the amended answer and counterclaim indicates actual notice even if no formal notice was given. Mr. Merrill had the opportunity to appear, or have his attorney appear, and defend against the claim. Failing to do so, he cannot now complain.

For the above reasons, we conclude that appellant was not deprived of his right to due process of law, and that the decision of the Circuit Court of Marion County should be affirmed.

*Affirmed.*