318 S.E.2d 450

**STATE of West Virginia ex rel. James E. MASON**

v.

**Virginia L. ROBERTS, Commissioner of the West Virginia Department of Motor Vehicles.**

No. 16087.

Supreme Court of Appeals of West Virginia.

June 26, 1984.

Gold, Khourey & Turak and David R. Gold, Moundsville, for appellant.

Chauncey H. Browning, Atty. Gen., J. Bradley Russell, Asst. Atty. Gen., Charleston, for appellee.

PER CURIAM.

James E. Mason appeals the Kanawha County Circuit Court's denial of his petition for a writ of mandamus compelling the appellee Motor Vehicles Commissioner to reinstate his driver's license. The appellant had contended that the suspension of his license was unlawful and deprived him of due process because he was not properly notified of the suspension or provided with a hearing. In denying the writ, the circuit court held that the suspension was proper, and that any failure by the department to provide written notice of the suspension was due to the appellant's failure to notify them of his change of address, as required by law. For the reasons set forth below, we affirm.

On July 14, 1982 the appellant was arrested by New Martinsville police for driving under the influence of alcohol (DUI). The arresting officer mailed an affidavit to this effect to the Department of Motor Vehicles (DMV), pursuant to *W.Va.Code* 17C–5A–1(b) [1981].[1] Based on this affidavit, the DMV suspended the appellant's driver's license for six months on July 28, 1982. Notice of this suspension was sent by certified mail to the address on appellant's driver's license, which was 707 Fayette Pike, Montgomery.[2] However, the ap-

---

1. At the time of appellant's suspension, *W.Va. Code* 17C–5A–1(b) [1981] provided in pertinent part:

   Any law-enforcement officer arresting a person for an offense described in section two [§ 17C–5–2], article five of this chapter shall report to the commissioner of the department of motor vehicles by sworn, written statement within twenty-four hours the name and address of the person so arrested. Such report shall include the specific offense with which the person is charged, and, if applicable, a copy of the results of any secondary tests of blood, breath or urine.

2. At the time of the suspension, *W.Va.Code* 17C–5A–1(c) [1981] provided:

   If, upon examination of the sworn statement and the tests results described in subsection (b) of this section, the commissioner shall determine that a person was arrested for an offense described in section two [§ 17C–5–2], article five of this chapter, and that the results of the tests indicate that at the time the test or tests were administered the person had, in his blood, an alcohol concentration of ten hundredths of one percent (.10) or more, by weight, or at the time the person was arrested he was under the influence of a con-

pellant never received this notice because he had moved to 720 5th Street, New Martinsville in February 1982 without notifying the DMV of his change of address.

New Martinsville police did not administer a breath analysis at the time of appellant's arrest, but had a blood test taken. Although the appellant appeared in court on July 19, 1982, proceedings in the case were stayed until the results of the blood test were received. The test results, dated August 24, 1982, showed a blood alcohol content of .07 percent. Consequently, the DUI charge was reduced to reckless driving, for which the appellant was convicted.

The appellant first became aware of his license suspension when he received a letter dated August 20, 1982 from the Northern Panhandle Behavioral Health Center regarding his enrollment in the September DUI Safety and Treatment Program. The letter advised appellant that successful completion of the program was required before a suspended license would be reissued, unless the suspension was appealed to the DMV.

Because appellant had not responded to the notice of suspension, the DMV forwarded the order of suspension to the Gauley Bridge State Police to secure appellant's license. On October 6, 1982 Trooper J.T. Morrison attempted to execute the order at the appellant's address in Montgomery, and was told that appellant lived in Ohio. Following this visit, the appellant received a telephone call from a friend in Montgomery who informed him that the State Police were looking for him. On October 7, 1982 the appellant called the Gauley Bridge detachment and advised Trooper Morrison that he was now living in New Martinsville, Ohio [sic], and that he would contact the Department of Motor Vehicles in West Virginia.[3] Trooper Morrison returned the suspension order to the DMV, with a note relating the results of his efforts to serve the order and his October 7 conversation with the appellant.

The appellant testified that at some point after his conversation with Trooper Morrison, he called the Department of Motor Vehicles and spoke to a woman whose name he could not recall. She informed him that the DMV was in the process of suspending his license. He told her it was a mistake, and she said he had the right to an appeal. According to appellant, he told her he would like to appeal it, because the arresting officer wanted to withdraw the affidavit and did not want the suspension to go into effect. The appellant testified that he advised the woman at DMV of his Moundsville address, but was never contacted by them regarding an appeal.

On April 17, 1983 New Martinsville Patrolman Howard L. Haught wrote to Commissioner Roberts, informing her that appellant's blood test results were under .10 percent. He stated: "I want to withdraw the affidavit on James E. Mason as to reflect that he has no conviction of DUI, and the computer be cleared also." R.R. Bolen, Director of the DMV's Safety and Enforcement Division, informed Patrolman Haught by letter of April 27, 1983:

> This is to advise that based on your arrest affidavit, this department entered a suspension against the driver's license of Mr. Mason. The suspension order was dated July 28, 1982, and the suspension period will officially begin on the date we receive Mr. Mason's driver's license in this department.
>
> The computer record in this instance is proper in that it only shows an administrative suspension against Mr. Mason as a result of his arrest for driving under the influence and not a conviction for driving under the influence. In view of

trolled substance or drug, the commissioner shall make and enter an order temporarily suspending such person's license to operate a motor vehicle in this State. A copy of such order shall be forwarded to such person by registered or certified mail, return receipt requested. No suspension shall become effective until ten days after receipt of a copy of such order.

3. Our version of this conversation is taken from the officer's notes. The appellant testified, however, that he had informed the State Police of his new address, 31 Clive Avenue, Moundsville. He had moved there on September 1, 1982, also without informing the Department of Motor Vehicles.

this information, it is not possible for this department to withdraw the suspension or your affidavit since the fact remains that Mr. Mason was arrested for driving under the influence.

The appellant testified that he also telephoned Mr. Bolen, who told him "although the suspension probably should not have taken effect, he stated that once it was suspended that it was my problem and that they could in no way remedy the events." The appellant said he also spoke with a Mr. Wilson, a hearing examiner for DMV, who said that if Officer Haught's letter did not correct the problem, appellant would have to appeal in circuit court. The appellant thereupon instituted these proceedings in mandamus in the Kanawha County Circuit Court.

When the Motor Vehicles Commissioner receives an arrest affidavit showing that a person drove a motor vehicle while under the influence of alcohol, she is required to enter an order temporarily suspending his driver's license. She must send a copy of the order to that person by registered or certified mail, return receipt requested. *W.Va.Code* 17C–5A–1 [1981], *supra*. This was done in the present case. The person whose license has been suspended then has the right to a hearing if he files a written request therefor within ten days after receiving the notice of suspension. Should the commissioner confirm the suspension after hearing, the driver is entitled to judicial review of that decision. *W.Va.Code* 17C–5A–2(m) [1981].

In *Jordan v. Roberts*, 161 W.Va. 750, 246 S.E.2d 259 (1978), we specifically found that the administrative procedures under this article comported with constitutional due process standards, and the appellant does not contend otherwise. He maintains, however, that the appellee deprived him of procedural due process by failing to ensure that he actually received the written notice of suspension, so that he could request a hearing.

*W.Va.Code* 17B–2–13 [1951] provides:

Whenever any person after applying for or receiving an operator's or chauffeur's license shall move from the address named in such application or in the license issued to him or when the name of a licensee is changed by marriage or otherwise such person shall within twenty days thereafter notify the department in writing of his old and new addresses or of such former and new names and of the number of any license then held by him.

■ During the hearing below, the appellant admitted he had never given the DMV written notice of his changes of address. He said no one told him he needed to submit something in writing, and argued that the DMV had actual notice of these changes of address because of his telephone calls. Unfortunately, there is nothing in the record to substantiate the calls to DMV, other than the appellant's testimony. The lower court held that under *W.Va. Code* 17B–2–13 [1951] the burden is on the licensee to notify the DMV in writing if he changes his address, and that the DMV has no obligation to track him down. We agree. *Cf. Vanmeter v. W.Va. Department of Motor Vehicles*, 173 W.Va. 129, 313 S.E.2d 405, 407 (1984).

The appellant contends that because he never received a copy of the suspension order, triggering his right to request a hearing, he was denied his opportunity to be heard. However, we find that by the appellant's own admission he had actual notice that the DMV had suspended his license as early as August 1982, yet took no verifiable action until June 17, 1983 when he filed his petition for a writ of mandamus in the circuit court. Because the appellant had actual notice of the suspension, any failure by the DMV to afford him formal notice would not constitute a denial of due process of law. *See Merrill v. Blakemore*, 164 W.Va. 431, 264 S.E.2d 471 (1980).

■ We are not persuaded that the appellant's alleged telephone call to the woman at DMV was sufficient to inform them that he desired a hearing in the matter. *W.Va.Code* 17C–5A–2 [1981] requires that such a request be made in writing. Although no one apparently informed him that he needed to submit anything in writing, it is fair to conclude that the numerous contacts appellant supposedly had with var-

ious law enforcement and administrative officials put him on notice that something was amiss with regard to his driver's license. At this point, he should have contacted an attorney, or inquired further as to what his possible remedies were and how he might avail himself of them. Although the appellant states that he made numerous attempts to obtain a hearing, there is nothing in the record to verify this. Further, in the proceedings before the circuit court he did not seek a hearing, but demanded reinstatement of his driving privileges.

Syllabus point 2 of *State ex rel. Kucera v. City of Wheeling*, 153 W.Va. 538, 170 S.E.2d 367 (1969) provides:

> A writ of mandamus will not issue unless three elements coexist—(1) a clear legal right in the petitioner to the relief sought; (2) a legal duty on the part of the respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy.

*See also* syllabus, *Vanmeter v. W.Va. Department of Motor Vehicles, supra;* syl. pt. 2, *McGrady v. Callaghan*, 161 W.Va. 180, 244 S.E.2d 793 (1978).

█ None of these elements exists in the present case. The appellant has no clear legal right to reinstatement of his driver's license, which was properly suspended under *W.Va.Code* 17C–5A–1 [1981]. The appellee has no legal duty to revoke the suspension, because she complied with her statutory responsibilities as fully as possible in light of the appellant's failure to notify her of his changes of address. Finally, the appellant had another adequate remedy in the form of an administrative hearing pursuant to *W.Va.Code* 17C–5A–2 [1981]. We therefore conclude that the circuit court was correct in denying the appellant's petition for a writ of mandamus. *See, e.g., McGrady v. Callaghan, supra* 161 W.Va. at 187–188, 244 S.E.2d at 797; *cf. Cowie v. Roberts*, 173 W.Va. 64, 312 S.E.2d 35, 38–39 (1984).

Accordingly, the appellant's motion to reverse is hereby denied, and the judgment of the Circuit Court of Kanawha County is affirmed.

Affirmed.