363 S.E.2d 245

**James H. WARE and Mark D. Nigh**

v.

**Howard R. CONNER and Karen Sue Conner.**

**No. 17640.**

Supreme Court of Appeals of West Virginia.

Nov. 17, 1987.

Mark D. Nigh, Philippi, for appellees.

Karen Sue Conner, Belington, for appellants.

PER CURIAM:

This is a *pro se* appeal by Howard R. Conner and Karen Sue Conner, his wife, from an order entered by the Circuit Court of Barbour County on February 10, 1987. By that order the circuit court refused to set aside a suggestee execution issued against the appellants. On appeal the appellants claim that the trial court's action was improper, that they were not given notice of the dismissal of their appeal of the judgment upon which the suggestee execution was issued, and that they were, in effect, denied due process of law. After reviewing the record this Court agrees and reverses the decision of the Circuit Court of Barbour County.

The appellants, Howard R. Conner and Karen Sue Conner, employed the appellees, James H. Ware and Mark D. Nigh, attorneys at law, to represent them in two actions in the Circuit Court of Barbour County. The appellants failed to pay the attorney fees and expenses advanced by the attorneys on their behalf, and the appellees sued for the fees and expenses in the Magistrate Court of Barbour County. The Barbour County magistrates disqualified themselves, and the case was transferred to a magistrate from Taylor County. That magistrate tried the case and on September 25, 1985, awarded a judgment in favor of Ware and Nigh against the appellants in the amount of $969.95, plus $30.00 costs. The appellants appealed the magistrate's ruling to the Circuit Court of Barbour County for a trial *de novo* pursuant to *W.Va.Code*, 50–5–12.

The appellants' case was regularly placed on the trial docket of the Circuit Court of Barbour County from October 5, 1985, until November 25, 1986. Because no action was taken on the appeal and because the case had been on the docket for more than two terms without a continuance, the Circuit Court on November 25, 1986, ruled that the case was abandoned. The court's action was taken in accordance with the provisions of *W.Va.Code*, 50–5–12. The order recited the statutory provision that the dismissal was subject to the right of reinstatement at the close of the next regular term subsequent to the dismissal.

The appellants did not move for reinstatement of the appeal, and subsequently Ware and Nigh obtained a suggestee execution against the appellants. After Ware and Nigh began attaching the wages of the appellants pursuant to the suggestee execution, the appellants, in December, 1986, filed a motion to set aside the suggestee execution and a motion for reinstatement of their appeal. In their motion they alleged that they had been denied their right to a jury trial.

A hearing was conducted on the motion for reinstatement on January 5, 1987. During the hearing the appellants indicated that they wanted a jury trial on the question of Ware and Nigh's right to recover, and they also asserted that they did not understand the two term rule prior to the entry of the judgment order dismissing their appeal. At the conclusion of the hearing the trial court ruled that the appellants were attempting to set aside the suggestee execution in order to avoid enforcement of the judgment, and the court also concluded that they had never intended to prosecute the appeal.

By formal letter opinion dated January 28, 1987, the trial court ruled that the appellants had failed to prosecute their appeal for the purpose of delaying enforcement of the judgment rendered against them by the Magistrate Court of Barbour County, and on February 10, 1987, the court entered an order denying the Conners' motion to reinstate the appeal.

On appeal the appellants, among other points, assert that they were acting *pro se* and that they had no knowledge of the two term rule, on the basis of which their appeal was dismissed. They claim that the trial court erred under the circumstances in dismissing the appeal without giving them prior notice, without informing them of the nature of the rule, and without allowing them to make a defense.

In the case of *State ex rel. Peck v. Goshorn*, 162 W.Va. 420, 249 S.E.2d 765 (1978), this Court discussed the procedures which must be followed in circuit courts in disposing of appeals from decisions rendered in magistrate courts. In the single syllabus point of that case the Court stated:

> When an appeal is taken from a judgment of a magistrate court to a circuit court, notice of the time when and place where the appeal is to be heard must be given to both parties and failure to afford such notice constitutes a violation of due process of law as guaranteed by the Fourteenth Amendment to the Constitution of the United States and Article III, Section 10 of the Constitution of West Virginia.

In *Peck* the Court recognized that a fundamental requirement of due process is that a party must be afforded an opportunity to be heard. The Court indicated that the right to be heard has little reality or worth unless a party is informed that a matter is pending and can choose for himself whether to appear or default, acquiesce or contest.

In the case presently under consideration, it does not appear that the appellants were afforded notice of the pending dismissal of their appeal from the magistrate's decision.[1] Such notice would have afforded them with notice of their right to proceed and would have prevented the present controversy.

This Court believes that such notice is necessary to insure that parties are afforded due process of law, and the Court also believes that in failing to afford the appellants notice of the pending dismissal of their appeal the circuit court erred.

The judgment of the Circuit Court of Barbour County is, therefore, reversed and this case is remanded for reinstatement of the appellants' appeal and for further development in accordance with the law.

Reversed and remanded with directions.

---

1. The facts do indicate that the appellants were given notice of the dismissal of the appeal, but only after the dismissal had occurred—at about the time the suggestee execution was issued.