378 S.E.2d 100

**STATE of West Virginia**

v.

**Jeannine MOLISEE.**

**No. 18700.**

Supreme Court of Appeals of West Virginia.

Feb. 15, 1989.

David J. Straface, Angotti & Straface, Morgantown, for appellant.

Charles G. Brown, III, Atty. Gen., Charleston, for the State.

PER CURIAM:

This case is before the Court upon the appeal of Jeannine Molisee from the August 15, 1988, dismissal order of the Circuit Court of Monongalia County, which dismissed appellant's appeal of a prior magistrate's order due to her failure to appear for trial, and reinstated the magistrate's order to euthanize appellant's dog. The appellant contends the trial judge improperly concluded that she received notice of her trial date. After reviewing the record we have before us, which includes the appellant's brief and the record below, we agree and reverse.[1]

---

**1.** The appellant waived oral argument before this Court and the case was submitted on the brief. The State failed to file a brief, in contravention of *W.Va.R.App.P.* 10(b) (amended July 11, 1985).

*W.Va.R.App.P.* 10(e) reads:

(e) *Failure to File Brief.* The failure to file a brief in accordance with this rule may result in the Supreme Court imposing the following sanctions: refusal to hear the case, denying oral argument to the derelict party, dismissal of the case from the docket, or such other sanctions as the Court may deem appropriate.

In *State v. Moore,* 166 W.Va. 97, 112, 273 S.E.2d 821, 831 (1980), we noted that

This omission [failure to file a brief] on the part of the State is of grave concern to the Court. Indeed, it cannot be overemphasized that the State's appearance should be supported by a statement of law and as much is required of attorneys general in the conscientious execution of these duties under the law. W.Va.Code § 5–3–2. Without the appearance and statement of the law required of the State, justice cannot be done in our adversary system. The courts are constitutionally prohibited from engaging in the practice of law, even on behalf of the State. W.Va. Const. Art. VIII, § 7.

On May 23, 1988, appellant's dog injured a child and the appellant was subsequently charged with the misdemeanor offense of harboring a vicious animal, pursuant to *W. Va. Code*, 19-20-19 and 20 (1981). Following a hearing on June 23, 1988, a magistrate determined that the dog was a vicious animal, and ordered it euthanized. *W. Va. Code*, 19-20-20. A stay of execution has been granted, pending appeal.

The appellant, *pro se*, appealed the decision to the circuit court, which pursuant to *W. Va. Code*, 50-5-13 [1984], was treated as a trial *de novo*. On July 20, 1988, the case was docketed for September 2, 1988, before a circuit judge.

The appellant did not appear on the date the case was docketed. However, on July 20, 1988, an administrative assistant to the prosecutor telephoned the appellant and informed the appellant of the September 2, 1988 date and the circumstances of the trial. The appellant expressed her desire for a jury trial. The assistant informed the appellant that she would look into the matter.

At some unspecified time, a jury trial was rescheduled for August 5, 1988, almost one month earlier than the previously docketed trial date. The prosecutor received notice of the rescheduled August 5, 1988 trial date on July 28, 1988.[2] The notice was a copy of that section of the August 5, 1988, docket containing the appellant's case. No certificate of service or explanatory letter was attached to the copy.

On August 5, 1988, the appellant failed to appear for trial. The trial judge reinstated the prior magistrate's order to euthanize the dog, and a capias was issued for the appellant.

At a contempt hearing conducted on August 10, 1988, appellant testified that she never received notice of her rescheduled trial date. A neighbor testified that on August 5, 1988, he informed the appellant of the outcome of her appeal, as reported by local media, to which the appellant expressed much surprise.

The State's witness, an administrative assistant to the prosecuting attorney, testified that another administrative assistant requested appellant's address when mailing the August 5, 1988 docket copies to all parties involved in all actions on that date.

The trial judge found that the appellant had received notice of the rescheduled trial date, and affirmed his prior order. No finding of contempt was made.

This Court has twice addressed the importance of adequate notice to *pro se* litigants who prosecute appeals from magistrate court. In *Ware v. Conner*, 178 W.Va. 560, 363 S.E.2d 245 (1987), the *pro se* appellant, Conner, appealed from a magistrate's decision awarding Ware a money judgment. Conner failed to appear for the appeal which was properly docketed. After two terms of court had lapsed, the circuit judge dismissed the case subject to reinstatement at the next regular term. After the next regular term had also lapsed, Ware began wage attachment proceedings to execute the judgment. Conner responded that she had been denied her right to a jury trial due to lack of notice and lack of knowledge of the two-term rule. The trial judge found the *pro se* litigant failed to prosecute the appeal for the purpose of delaying enforcement of the judgment. Without discussing the manner in which notice was sent, the Court reversed and held the notice of pending dis-

---

**2.** The prosecutor received his notice of the trial date one week prior to trial. We have no specific rule of criminal procedure applicable to the circuit courts concerning the time notice for trial of a *de novo* appeal from magistrate court must be mailed. *See W. Va. R. Crim. P.* 38(a)(2). However, *W. Va. R. Crim. P.* 45(a), (d) and (e) require that notice for hearings on motions must be mailed eight business days in advance of the hearing.

*Cf. W. Va. R. Crim. P. for the Magistrate Courts*, Rules 11 and 26(d) (effective July 1, 1988).

Rule 11, *Notice for Trial*, reads "If the defendant is not in custody, all, parties shall be notified by the court by first class mail not less than 14 days before such date of trial." Rule 26(d), *Additional Time After Service by Mail*, reads: "When a party has received a notice or some other paper by mail and in response must take some action within a specified period from the date of mailing 3 days shall be added to such period."

missal was inadequate for a *pro se* litigant, in light of fundamental due process principles which strongly favor affording an opportunity to be heard.

 *Ware* relied exclusively on *State ex rel. Peck v. Goshorn*, 162 W.Va. 420, 249 S.E.2d 765 (1978). In *Peck*, a judicial circuit provided notice of trial dates for magistrate court appeals in a fashion similar to this case, through a copy of the docket. However, in *Peck*, the docket copies were not mailed to *pro se* litigants. Therefore, the *pro se* litigants were given no notice whatsoever of their trial date. In the syllabus of *Peck*, the Court held that:

> When an appeal is taken from a judgment of a magistrate court to a circuit court, notice of the time when and place where the appeal is to be heard must be given to both parties and failure to afford such notice constitutes a violation of due process of law as guaranteed by the Fourteenth Amendment to the Constitution of the United States and Article III, Section 10 of the Constitution of West Virginia.

The Court noted that "effective notice" is required to protect the fundamental due process interest in the right to be heard when a liberty or property interest is at stake. *Peck*, at 162 W.Va. 422, 423, 249 S.E.2d 766, 767. *See also* syl. pt. 1, *State ex rel. Atkinson v. Belcher*, 163 W.Va. 546, 258 S.E.2d 442 (1979), "[i]n order for a circuit court to establish jurisdiction of an appeal from magistrate court proper notice must be given to all parties."

In this case the appellant testified that she did not receive any notice whatsoever of her trial date. The State produced no evidence that the notice, a copy of the docket, was actually sent to the *pro se* litigant. Based upon the evidence of record, the trial judge improperly found that the appellant was afforded adequate notice and therefore deprived her of an opportunity to be heard.

Based upon the foregoing, the August 5, 1988, order of the Circuit Court of Monongalia County is reversed, and the case is remanded for reinstatement of the appellant's appeal.

Reversed and remanded with directions.