**CIRCUIT COURT OF CHESTERFIELD COUNTY**

Andrews

v.

Andrews

March 14, 1990

Case No. CH89J-773

By JUDGE HERBERT C. GILL, JR.

On March 8, 1990, counsel presented evidence and argument in regard to respondent's motion to vacate this Court's Order dated October 23, 1989. Counsel for respondent asserts that reasonable notice of the hearing was not provided to respondent in contravention of due process guarantees under the Constitutions of the United States and the Commonwealth of Virginia.

On June 5, 1989, the Juvenile and Domestic Relations District Court of Chesterfield County entered an order requiring respondent to pay child support in the amount of $303.10 per month. Petitioner filed a Notice of Appeal on the same day. The notice provided that the appeal would be set on July 17, 1989, at "docket call." On July 17, 1989, the appeal was set for September 1, 1989. The Court heard evidence and ordered that respondent pay the amount of $695.91 per month as child support. Respondent was not present at either docket call or the appeal.

Petitioner argues that respondent had sufficient notice. Petitioner relies on the following:

1. The Juvenile and Domestic Relations Court purportedly mails a copy of the appeal to all parties and counsel. The notice states the date for which the trial will be set. Said mailing is indicated on the lower left corner

by, "cc: def (checkmark)." The apparent practice is to mail the notice to the parties at the addresses provided in the initial motion. Said motion listed defendant's work address.

2. Former Counsel for Petitioner notified respondent of the September 1, 1989, hearing by letter dated July 18, 1989. A copy of the letter was submitted. Correspondence had been addressed to respondent at his place of employment.

3. Petitioner testified that respondent had knowledge that the appeal had been filed and that respondent received the letter sent by former counsel referencing the appeal date.

The following five step due process analysis refines the issue presented to the court:

1. What process is prescribed by statute?

2. Whether the procedure was followed.

3. If the statutory procedure was not followed, then the Court must set aside the Order regardless of actual notice. *See* 16A Am. Jur. 2d, *Constitutional Law*, Sections 829 and 830 (1979).

4. If the statutory procedure was followed, then the Court must determine whether said procedure comports with due process guarantees.

5. If no procedure is set forth, then the Court must determine whether notice provided comports with due process guarantees.

### *No statutory process prescribed*

No statutory provision specifically addresses notice requirements as to civil appellate procedure from decisions of the Juvenile and Domestic Relations District Court. Analysis pursuant to Steps 2 through 4 as previously listed is therefore unnecessary.

Section 16.1-296, within Chapter 11, entitled "Jurisdiction of appeals; procedure" provides:

In all other cases on appeal, proceedings in the circuit court shall conform to the equity practice where evidence is heard ore tenus; however, an issue out of chancery may be allowed,

in the discretion of the judge, upon the motion of any party.

The aforementioned provision is the only statutory reference to procedure accompanying civil appeals from the Juvenile and Domestic Relations District Court. Section 16.1-112, within Chapter 6, defines appellate procedure from the General District Court. Jurisdictional provisions of Chapter 6 address the civil jurisdiction of General District Courts. Chapter 11 defines the jurisdictional parameters of the Juvenile and Domestic Relations District Court.

Although § 16.1-112 refers to "any court," it could not have been the legislature's intent to apply the procedure set forth by said Section for civil appeals from the Juvenile and Domestic Relations District Court. Section 16.1-112 precedes the Court's reorganization of 1972-73 (See 1972 Va. Acts, Ch. 708), and the revision of the Juvenile "Code" in 1977 (See, 1977 Va. Acts, Ch. 559). The revision expanded the Court's role to permit adjudication of such support issues. Further, § 16.1-296, or indeed any provision within Chapter 11, fails to reference Section 16.1-112, or any other provision, as defining the appropriate civil appellate procedure. Section 16.1-296 does specifically reference § 16.1-123.1 *et seq.* with regard to criminal appellate procedures. Had the legislature intended to mandate the civil appellate procedure provided by Section 16.1-112, the legislature would have specifically referred to § 16.1-112 as it had expressly referred to § 16.1-123.1 *et seq.* with regard to the criminal appellate procedure.

*Notice afforded comports with due process guarantees*

Counsel for respondent disputes the constitutional integrity of the Clerk's notice procedure. Apparently, the Clerk's office mails a copy of the notice of appeal to all parties and counsel presumably at the address provided in the initial motion. Whether a copy has been mailed is indicated by a checkmark accompanying a hand notation on the notice identifying parties by "def.," "petit.," or counsel's surname and initial. The notice provides the date by which the Court will set the trial.

No further notice is provided, unless, as in this case, counsel notifies the party of the trial date.

No person may be deprived of his property without due process of law. Essential to due process is reasonable and adequate notice of any proceeding which may result in deprivation of property. *Walt Robbins, Inc. v. Damon Corporation*, 232 Va. 43 (1986). No particular form of notice is required by either Constitution. The right to adequate notice requires that the proposed form of notification be reasonably certain to inform those affected. *Vancouver Women's Health Collective Soc. v. A. H. Robbins Co., Inc.*, 820 F.2d 1359 (4th Cir. 1987).

Parties to an appeal to circuit court must receive effective notice of the time and place of the appeal. *West Virginia v. Molisee*, 378 S.E.2d 100 (W. Va. 1989); *Peck v. Goshorn*, 249 S.E.2d 765 (W. Va. 1978). In *Peck*, the Court held that a circuit court's policy of providing notice of appeals to attorneys practicing in the area, yet, not to *pro se* litigants was violative of due process guarantees. In *Molisee*, the Court relied upon the state's failure to produce evidence that a copy of the docket was mailed to the *pro se* litigant and reversed a finding of adequate notice by the trial court.

A reasonable inference from the rulings in *Peck* and *Molisee* is the sufficiency of mailing notices of appeal under due process analysis provided adequate evidence of such is presented. The series of West Virginia cases addressing notice issues for appeals to circuit courts, *Molisee*; *Peck*; *Ware v. Conner*, 363 S.E.2d 245 (W. Va. 1987); *Atkinson v. Belcher*, 258 S.E.2d 442 (W. Va. 1979), also highlight the necessity of complete due process analysis without statutory guidance as to appellate procedure.

Upon review of the record and evidence presented, it would appear that respondent's due process concerns are unwarranted as respondent had actual notice of the proceeding. Hence, the Court need not address the constitutionality of the Clerk's procedure. Respondent's motion to set aside the Order is denied. Further, counsel for petitioner having orally waived objection to a rehearing, the Court is of the opinion that a rehearing should be granted at the request of the respondent.