395 S.E.2d 527

**NORFOLK AND WESTERN RAILROAD COMPANY, a Virginia Corporation**

v.

**Janie Severt SHARP, Janie Severt, Virginia Severt Lester, Agnes Severt Black, Elsie Severt Church, and Tom Church, etc., d/b/a Iaeger Pocahontas Coal Company; and Iaeger Pocahontas Coal Company and any Other Unknown Claimants to Title of the Interest in Real Estate Sought to be Condemned, Including but Not Limited to R.C. Napier, etc., Defendants Below; Elsie Severt Church and Tom Church.**

No. 19358.

Supreme Court of Appeals of West Virginia.

July 18, 1990.

---

James W. St. Clair, St. Clair & Levine, Huntington, for Janie Severt Sharp, Janie Severt, Virginia Severt Lester, Agnes Severt Black, Elsie Severt Church and Tom Church, etc.

Thomas E. Potter, Thad S. Huffman, Jackson & Kelly, Charleston, for Norfolk & Western R. Co.

MILLER, Justice:

This is an appeal by Janie Severt Sharp, et al. (the landowners) from a final order of the Circuit Court of McDowell County, dated April 10, 1989, which confirmed the commissioners' finding in a condemnation proceeding that $3,000 was just compensation for an easement through the landowners' property. Moreover, the circuit court found that the landowners failed to file their exceptions to the commissioners' report or to request a jury trial within the time limits prescribed by W.Va.Code, 54–2–10 (1967); hence, the landowners waived these rights.

## I.

On September 1, 1988, Norfolk and Western Railroad Company (the railroad) instituted condemnation proceedings to acquire an easement across property owned by the landowners.[1] Following a hearing in October, 1988, the Circuit Court of McDowell County granted the railroad immediate access to the easement and appointed five individuals to serve as commissioners to ascertain just compensation for the property taken.[2] A hearing was held on December 9, 1988, and, after all the evidence was submitted, the commissioners recommended a $3,000 award as just compensation. It is not clear from the record when the commissioners prepared their report.

---

1. Condemnation proceedings are invoked by using the procedure set forth in W.Va.Code, 54–2–1 (1923):

    "In any case in which property may lawfully be taken for a public use, application may be made by petition to the circuit court or the judge thereof in vacation, of the county in which the estate is situated, to appoint commissioners to ascertain a just compensation to the owners of the estate proposed to be taken. If a tract lies partly in one county and partly in another, the application in relation thereto may be made in either county."

2. W.Va.Code, 54–2–5 (1963), states, in pertinent part:

    "When it shall appear to the court, or the judge thereof in vacation, that proper notice has been given and that the case is one in which the applicant has lawful right to take property for the purposes stated in the petition, upon making just compensation, five disinterested freeholders shall be appointed commissioners to ascertain what will be a just compensation and any damages to the persons entitled thereto, for the property, or interest or right therein, proposed to be taken."

According to the landowners, they did not see the report at the end of the hearing and left the courthouse.

After the hearing adjourned, counsel for the railroad filed the commissioners' report with the clerk of the circuit court,[3] but failed to notify the landowners of this action. On December 19, 1988, the landowners drafted their exceptions to the commissioners' report and demanded a jury trial. The clerk received the landowners' exceptions on December 22, 1988, thirteen days after the report had been filed. Because the circuit court believed that the landowners' exceptions were untimely under W.Va.Code, 54-2-10, it entered an order affirming the commissioners' report. The landowners appeal this adverse ruling.

## II.

The controversy in this case focuses on the procedural requirements in W.Va.Code, 54-2-10. This statute provides that "[w]ithin ten days after the report required ... is returned and filed, either party may file exceptions thereto, and demand that the question of the compensation, and any damages to be paid, be ascertained by a jury[.]" The landowners argue that they have a constitutional right to a jury trial in a condemnation proceeding, and, consequently, the circuit court denied them due process when it failed to notify them that the report had been filed. The railroad counters by arguing that W.Va.Code, 54-2-10, does not require that the parties be notified of the filing of the report.

■ The right to a jury trial in a condemnation proceeding is not governed exclusively by W.Va.Code, 54-2-10. Indeed, Article III, Section 9 of the West Virginia Constitution gives condemnees a constitutional right to a jury trial.[4] As with every possible deprivation of life, liberty, or property, basic due process protections are mandated. *See* W.Va. Const. art. III, § 10. The most fundamental due process protections are notice and an opportunity to be heard. As we held in the Syllabus of *Crone v. Crone*, 180 W.Va. 184, 375 S.E.2d 816 (1988):

> " 'The due process of law guaranteed by the State and Federal Constitutions, when applied to procedure in the courts of the land, requires both notice and the right to be heard.' Syllabus point 2, *Simpson v. Stanton*, 119 W.Va. 235, 193 S.E. 64 (1937)."

*E.g., Pauley v. Gainer*, 177 W.Va. 464, 353 S.E.2d 318 (1986); *Schupbach v. Newbrough*, 173 W.Va. 156, 313 S.E.2d 432 (1984). If a condemnee could forfeit it without adequate notice and an opportunity to be heard, the right to a jury trial in a condemnation proceeding would be meaningless.

■ As the railroad accurately argues, the right to a jury trial in a condemnation proceeding is not absolute and can be waived. We recognized this principle in Syllabus Point 1 of *State Road Commission v. Boggess*, 147 W.Va. 98, 126 S.E.2d 26 (1962):

> "In an eminent domain proceeding, the right of either party to require that just compensation to the owner be ascertained by an impartial jury of twelve freeholders is waived as to a landowner who fails to demand such jury trial pursuant to Code, 1931, 54-2-10, within ten days after the report of the commissioners is returned and filed."

*See also State Road Comm'n v. Board of Park Comm'rs*, 154 W.Va. 159, 173 S.E.2d 919 (1970). However, as with all basic constitutional rights, any waiver must be based on an informed and knowing decision. *See* W.Va. Const. art. III, § 10.

---

**3.** This procedure is prescribed in W.Va.Code, 54-2-9 (1963), which provides, in part:

"The commissioners, after viewing the property, if a view is demanded, and hearing any proper evidence which is offered shall ascertain what will be a just compensation to the person entitled thereto ... and make report....

"... The report shall be signed by at least three of the commissioners, and forthwith returned to the clerk's office of the court, to be filed with the papers of the case."

**4.** W.Va. Const. art. III, § 9 provides, in part: "Private property shall not be taken or damaged for public use, without just compensation; ... *provided, that when required by either of the parties, such compensation shall be ascertained by an impartial jury of twelve freeholders.*" (Emphasis added).

In *Collins v. North Carolina State Highway & Public Works Commission*, 237 N.C. 277, 74 S.E.2d 709 (1953), the North Carolina Supreme Court was confronted with a situation similar to the one we face. Like our statute, the North Carolina provision allowed either party in a condemnation proceeding to protest the award recommended by the commissioners within a designated time frame. However, the statute did not require the clerk to notify the parties when the report had been filed.

Although the statute did not expressly provide for notice, the North Carolina court held that "[t]he implication is indisputable that the clerk is to make his determination on the exceptions *only after notice and an opportunity to be heard thereon is given the parties.*" 237 N.C. at 284, 74 S.E.2d at 715. (Emphasis added; citation omitted). *See also Cleary v. Township of North Bergen*, 32 N.J.Super. 50, 107 A.2d 713 (1954) (condemnation statute requiring filing of commissioners' report within a certain time frame has, as one of its objects, giving of notice to interested parties); *City of Randleman v. Hinshaw*, 267 N.C. 136, 147 S.E.2d 902 (1966) (condemnation statute would be converted into a farce if it were construed to permit the clerk to file the commissioners' report and enter final judgment, all with no notice whatsoever to the landowner, other than the original summons in the proceeding).[5] As the North Carolina Supreme Court aptly explained in *Collins*, 237 N.C. at 281, 74 S.E.2d at 713, "[t]he law does not require parties to abandon their ordinary callings, and dance 'continuous or perpetual attendance' on a court simply because they are served with original process in a judicial proceeding pending in it." (Citation omitted).

 We find the reasoning behind the North Carolina court's decision persuasive, rational, and the only reasonable reading of our statute in light of the commands of due process. Moreover, in a related vein, we held in the Syllabus of *State ex rel. Peck v. Goshorn*, 162 W.Va. 420, 249 S.E.2d 765 (1978), that a dismissal of an appeal from a magistrate court under W.Va.Code, 50–5–

12 (1978), violated due process where no notice was given as to the hearing:

"When an appeal is taken from a judgment of a magistrate court to a circuit court, notice of the time when and place where the appeal is to be heard must be given to both parties and failure to afford such notice constitutes a violation of due process of law as guaranteed by the Fourteenth Amendment to the Constitution of the United States and Article III, Section 10 of the Constitution of West Virginia."

*E.g., Ware v. Conner*, 178 W.Va. 560, 363 S.E.2d 245 (1987). *Cf. Brent v. Board of Trustees*, 173 W.Va. 36, 311 S.E.2d 153 (1983) (notice of entry of an order involuntarily dismissing an action for failure to prosecute under W.Va.R.Civ.P. 41(b) is necessary even though that provision does not require such notice). Accordingly, we find that implicit within W.Va.Code, 54–2–10, is the requirement that the clerk of the circuit court notify the parties in a condemnation proceeding when the commissioners' report has been entered.

For the foregoing reasons, we reverse the circuit court's final order and remand the case for proceedings consistent with this opinion.

Reversed and remanded.

---

5. The North Carolina legislature has since amended its condemnation statute. It now explicitly provides that the parties must be notified when the commissioners' report is filed. N.C.Gen.Stat. § 40A–28 (1981).